FREDERICK W. SMITH *vs.* HERBERT W. PEARSON, Receiver.

October 28, 1890.

**Verdict—Evidence.**—Evidence *held* sufficient to sustain the verdict.

**Same—Charge not Excepted to—Verdict in Accordance with Charge.**
Where a party took no exception to the charge of the court, upon his appeal from an order denying his motion for a new trial on the ground that the verdict is not justified by the evidence, and is contrary to law, the charge of the court, whether correct or erroneous, must, for the purposes of the appeal, be taken as the law of the case; and the question whether the verdict is justified by the evidence, and in accordance with law, must be determined by the application of the rules of law laid down by the court in its charge.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial after verdict of $3,151.33 for plaintiff.

*Walter Ayers*, for appellant.

*Wm. B. Phelps,* for respondent.

MITCHELL, J. This was an action for the alleged wrongful conversion of a quantity of lumber. The plaintiff claimed the property under a bill of sale executed by the Iron Range Lumber Company in June, 1889, as security for a loan of $3,000, which he claims to have made to it contemporaneously with the execution of the bill of sale. The defendant claimed the property as receiver of the lumber company, appointed in July, 1889, under the provisions of section 2 of the insolvent law of 1881. (Laws 1881, *c.* 148.) He denied that plaintiff ever made any actual loan to the lumber company, but that the whole transaction was a merely colorable and collusive one between the lumber company, the plaintiff, and the Merchants' National Bank, —a creditor of the lumber company,—to give the bank a preference over other creditors, both the bank and the plaintiff knowing, or having reasonable cause to believe, that the lumber company was insolvent. This was denied by the plaintiff, and the court submitted the case to the jury squarely and exclusively upon this issue. The verdict was for the plaintiff, and the principal question presented by this appeal is whether the trial court erred in denying a motion for a new trial on the ground that the verdict was not justified by the evidence, and contrary to law.

We must admit that the evidence, to our minds, makes quite a strong case in support of defendant's contention, and we might, perhaps, have been better satisfied with the verdict had it been the other way. But the evidence in favor of defendant was all circumstantial, while the plaintiff testified positively to having made an actual loan in cash to the lumber company, in good faith, and without any intimation that it was insolvent, and without any agreement, direct or otherwise, on part of the bank officers to protect him. In cases of this kind a good deal depends upon the appearance of witnesses and their manner of testifying, and their credibility is peculiarly a question for the jury. The learned judge who presided at the trial being satisfied that the verdict ought to stand, we cannot interfere.

The defendant further contends that the bill of sale, although intended to operate as a mortgage, being absolute in form, and not

setting out on its face the true nature of the transaction, and not stating either the amount secured or when due, was not susceptible of registration or filing under the statute as a chattel mortgage; that therefore the attempted filing of it was entirely nugatory; that, not being accompanied by an immediate delivery, or followed by an actual and continued change of possession, of the property, it was void as against creditors, and, consequently, also void as against defendant under the doctrine of *Farmers' Loan & Trust Co.* v. *Minneapolis Engine Works*, 35 Minn. 543, (29 N. W. Rep. 349,) and *Merrill* v. *Ressler*, 37 Minn. 82, (33 N. W. Rep. 117.) This question is not open to the defendant on this record. The trial judge instructed the jury that "the plaintiff, as is conceded on all sides, made a loan to the lumber company, and took, as security, a bill of sale of certain lumber, * * * and filed his bill of sale, as the evidence shows, in the clerk's office. Now that makes a good *prima facie* case that he is entitled to recover." The court then proceeded to instruct the jury that, to defeat or overcome this *prima facie* case, it was incumbent on defendant to prove that the transaction was a collusive one to enable the bank to secure a preference over other creditors, the plaintiff having reasonable cause for believing that the lumber company was insolvent. The charge was, in substance and effect, an instruction to the jury that the filing of the bill of sale was authorized, and effectual as notice. To this instruction the defendant took no exception. The jury were bound to accept the law as given to them by the court, and by not excepting to the charge the defendant consented that the weight and sufficiency of the evidence and the issues in the case should be determined by the jury in accordance with the law as given by the court; and whether the charge was right or wrong, it must, for the purposes of this appeal, be taken as the law of this case; and whether the verdict was against the evidence and contrary to law must be determined by the application of the rules of law as laid down in the charge. To hold otherwise would be to permit the defendant to take advantage of errors of law occurring during the trial to which he took no exception.

Order affirmed.