JEROME E. MADDEN *vs.* WILLIAM OESTRICH.

July 10, 1891.

**Contract for Sinking Well—Substantial Performance—Evidence.—**
The evidence examined and considered in an action brought to recover the contract price for drilling and sinking a well. *Held* that, from the evidence, the jury was justified in finding that the contract had been substantially performed by the contractors.

Appeal by defendant from an order of the district court for Waseca county, *Buckham*, J., presiding, refusing a new trial after verdict of $150.25 for plaintiff.

*Sawyer, Abbott & Sawyer*, for appellant.

*E. B. Collester* and *P. McGovern*, for respondent.

COLLINS, J. Action by an assignee under the insolvency laws of the state, to recover for work done and materials furnished by his assignors in drilling and sinking a well upon defendant's farm. The complaint set forth an agreed price, and also the reasonable value of the services and materials; but the trial proceeded upon the theory that there was a contract between the parties, which had been substantially performed at a time when the defendant forbade the assignors, and, later on, their assignee, to proceed and fully complete the undertaking. The court below, when charging the jury, characterized the understanding or agreement entered into by the parties in reference to the sinking of a well as a "loose bargain;" and we may add that the case itself seems to have been rather loosely tried by their counsel. It is claimed by the defendant (appellant) that there was an entire absence of evidence on which the verdict in plaintiff's favor can be sustained; and his claim is undoubtedly correct, unless there was testimony adduced upon the trial which would justify the jury in finding that the contract with respect to the drilling and sinking of the well had been substantially complied with, when the plaintiff's assignors were prohibited doing anything further. The plaintiff's testimony was mostly directed towards establishing this substantial compliance, while the defendant, in addition to contro-

verting on this issue, spent much of his time in endeavoring to show that the contractors found an abundance of water at 135 feet from the surface, and should have then finished the job by putting in a pump, instead of proceeding on—fraudulently, as he insists—to the depth of 262 feet. The court was not requested to pass upon the sufficiency of plaintiff's proofs at any time prior to the hearing of the motion for a new trial. No exceptions were taken while the testimony was being received, nor to any portion of the charge, which was in line with the theory, before mentioned, on which the trial was conducted from beginning to end, that plaintiff might recover the contract price on showing substantial performance. Whether right or wrong,—we do not intimate that it was not right,—this is the law by which the case must be controlled on appeal. *Smith* v. *Pearson,* 44 Minn. 397, (46 N. W. Rep. 849.)

To entitle a party to recover the contract price in an action brought for that purpose, he must have made a substantial performance of his agreement. Where the omissions and defects do not go to the root of the subject-matter of the contract, but are easily susceptible of a remedy, so that an allowance out of the contract price will give the other party full indemnity, and give him, in effect, just what he bargained for, the contractor may recover the contract price, less the damages on account of such defects or omissions. This rule is applicable to contracts generally. And when the contractor shows a substantial performance, if the other party wishes to claim an allowance or deduction on account of these slight defects and omissions, the burden is on him to allege and prove his damages. *Leeds* y. *Little,* 42 Minn. 414, (44 N. W. Rep. 309.) The defendant did not choose to make any claim for an allowance for such defects and omissions, but relied on his ability to overcome the plaintiff's contention that there had been a substantial performance, and, more especially, it appears from the testimony, upon his allegations that the contractors had fraudulently drilled deeper than was necessary. The plaintiff's testimony was to the effect that water in sufficient quantities was not reached until the well was drilled to the depth of 262 feet, and was then obtained in abundance; that it was only requisite then to put on a

screen at the bottom, and clean out the sand which had accumulated there; that in putting down the screen it got caught, and thereupon the defendant ordered them to desist. We are of the opinion that on this testimony the jury was warranted in finding that the agreement had been substantially complied with. The procuring of water was the main thing, and the contractors' omission to finish putting on the screen at the bottom, there being no bad faith on their part, did not go to the root of the subject-matter of their contract.

Order affirmed.