MARY L. COBURN *et al. vs.* LIFE INDEMNITY & INVESTMENT Co.

Argued Jan. 13, 1893. Decided Feb. 24, 1893.

**Life Insurance Reinstated after Default.**

> In a contract of life insurance the premiums were payable monthly. Upon the failure to make any monthly payment the insured had the right to be reinstated within sixty days after such default upon her paying "the proper premiums."

**Same—Conditional Reinstatement.**

> Such a default having occurred, and more than sixty days having elapsed, the company consented to reinstate the insured, the circumstances being such that the court charged the jury that the company had waived its objection to the lapse of time. This instruction was not excepted to, and hence, being taken as the law of the case, *held*, that the insured had the right to avail herself of such consent of the company, and to be reinstated, upon paying the premiums then due, although the company demanded payment of the premium for a succeeding month not yet due.

Appeal by defendant, Life Indemnity & Investment Company, from an order of the District Court of Hennepin County, *Pond*, J., made September 9, 1892, denying its motion for a new trial.

The defendant was on November 10, 1886, an Iowa corporation engaged in the business of life insurance. James D. Shearer of Minneapolis was its agent. On that day it insured the life of Mary A. Coburn, then fifty-four years of age, in the sum of $2,500, payable to her heirs ninety days after the receipt of satisfactory proofs of her death; she to pay therefor $4.92 on the first day of each month thereafter. It was the custom of defendant to receive these monthly payments after they were due. The insured died July 17, 1890. The plaintiffs Mary L. Coburn and Joseph H. Coburn were her sole heirs at law, and brought this action to recover the insurance. Other facts are stated in the opinion. Plaintiffs had a verdict January 12, 1892, for the amount and interest. Defendant moved for a new trial, and being denied, it appealed to this court.

*James D. Shearer* and *Lusk, Bunn & Hadley,* for appellant.
*James O. Pierce* and *John H. Nickell,* for respondents.

DICKINSON, J.  Upon the trial of this action in the district court a verdict was rendered for the plaintiffs.  The case comes here on an appeal by the defendant from an order refusing a new trial.

The action is for the recovery of the amount of an insurance policy or contract on the life of one Mary A. Coburn.  The contract, by its terms, required the payment, "on or before the first day of each month," of a specified monthly premium as a condition of the continuance of the insurance during the month for which such payment was made.  It further provided:  "If this policy should not be renewed at the end of any term for which premiums have been paid, it may be renewed within sixty days thereafter upon the insured furnishing a certificate of health from an accredited medical examiner of this company, which shall be satisfactory to and accepted by the medical director of said company, with the payment of the proper premiums."

The complaint alleged that the premiums had been paid up to and including the 1st day of February, 1889, and that the assured continued thereafter to tender the payment of the premiums which the defendant refused to receive; it being further alleged that the defendant, by its course of dealing with her, had waived the requirement as to the time of the payment of the premiums.  The answer, by a general denial, put these allegations in issue.  At the trial it appeared that the defendant claimed that the assured had made default in respect to the monthly payment due July 1, 1888; that the policy had then lapsed, and had never been reinstated.  Evidence was received at length as to the payments made from July 1, 1888, to February 18, 1889.  The controversy was chiefly as to the transactions during that period, and immediately thereafter.

The evidence tended to show a course of dealing with the assured from which it might be inferred that the defendant had waived strict compliance with the obligation to pay the monthly premiums by the 1st day of each month.  One Shearer was the defendant's agent at Minneapolis for the collection of premiums, and to him the assured

was authorized to make payments. The company had no other agent at that place. The payment of $5.13 which should have been made July 1, 1888, was not made until August 3d, at which time it was paid to Shearer. In September, October, November, December, and on January 23, (1889,) other payments were made to him, for all of which he gave receipts, signing thereto simply his own name. The premiums payable for the period from July to January, including both those months, were $36.39. The payments made to Shearer during that period, (the last being made January 23d,) and applicable, as there was evidence tending to show, to the payment of the premiums for those months, amounted to $40.78. Mr. Shearer's evidence, however, was to the effect that he had previously advanced $5.13 to pay the June premium, so that, after repaying himself that sum, there remained only $35.65 in his hands applicable to the payment of the premiums for the subsequent months up to and including January. On the 18th of February, 1889, the further sum of $5 was paid to Shearer. There was a conflict of evidence bearing upon the fact as to whether in receiving the payments above particularly mentioned subsequent to the 1st of July, Shearer acted as the agent of the company, and in its behalf, or whether it was understood that he did not represent or bind the company as to those matters, but received these payments in the interest of the assured, and in connection with efforts made by him personally to keep up her insurance.

Under date of January 15, 1889, Mr. Shearer wrote to the company, expressing his desire that Mrs. Coburn's insurance be reinstated, saying that he had paid one or two assessments for her, and that she had kept behind all the way from one to eight or ten dollars, so that he had carried her along for the purpose of getting his money out. In response to this letter, and under date of January 17th, the company replied, "The committee *have reinstated* Mrs. Coburn," (we use italics to mark language deemed important,) and inclosing a statement of "the amounts *that are due*," which Mr. Shearer was requested to remit. The amounts shown in that statement as the amounts "due" consisted of the premiums for each month from July to January, inclusive, amounting to $36.39, *and also of that for*

*February,* which would not fall due until the 1st of the latter month. Subsequent to February 18th, when the last payment was made to and received by Shearer, the company refused to recognize the assured as having been reinstated, because the required amount had not, as was claimed, been paid.

But one assignment of error is presented for consideration on this appeal. That is, that the court erred in instructing the jury, in effect, that the proper premiums due at the time of such reinstatement were for the months from July to January, inclusive, but *not* for the month of February, which was not then due, and which the assured was not obliged to pay in order to be reinstated. It is argued by the appellant that the assured had been in default more than sixty days, and hence, under the policy, was not entitled to reinstatement at all; and if the company, as a matter of favor, consented to her restoration, it could annex *any* condition to this privilege. While this is probably true, we still think that the action of the court should be sustained. In the first place, it will be observed that the company declared that it *had* reinstated the insured, although this was doubtless subject to the payment of such premiums as were then due, and perhaps amounted to no more than a consent to reinstate her. Though it be true that in stating as "due" the premiums for the several months, including February, the company intended to require the payment of that premium, although it was *not* due as a condition of restoration, there was at least some reason in support of the construction put upon this action of the company by the court in an instruction to the jury that, although more than sixty days had elapsed after the default, *the defendant had waived that,* as it had a right to do; so that the question was, what were the proper premiums? *And to this instruction there was no exception.* It is to be supposed that the defendant acquiesced in that view of the case, and that the jury acted upon it. Hence it must now be accepted as correct for the purposes of this appeal. If the defendant, under the circumstances stated, waived its right to rely upon the fact that there had been a default for such length of time as to have barred the *right* of the assured to reinstatement, she was still entitled to the benefits of the contract, which required, as the condition of restoration, the

payment of only the premiums then due, or, as it is expressed in the contract, of "the proper premiums." This would not include that for February. For these reasons the defendant should not be sustained in the assignment of error relied upon.

Order affirmed.

(Opinion published 54 N. W. Rep. 373.)