CHRISTIAN C. BERGH *vs.* SAMUEL G. SLOAN.

Submitted on briefs April 10, 1893. Decided April 27, 1893.

**Practice—No Exception Taken to the Charge to the Jury.**

A party to an action, who acquiesces in the instruction of the court to the jury as to the law of the case, will not be heard afterwards to assert that the law was otherwise, as a reason for setting aside the verdict.

**Verdict Supported by the Evidence.**

Evidence *held* to justify the verdict.

Appeal by defendant, Samuel G. Sloan, from an order of the District Court of Ramsey County, *W. D. Cornish*, J., made December 2, 1892, denying his motion for a new trial.

On July 2, 1887, James Stinson sold at auction a block of land in one of his Additions to St. Paul. It was bid in by the plaintiff,

Christian C. Bergh. He paid the price, $4,000, and gave the defendant a memorandum in writing signed by him, which read as follows:

"*To Sam'l G. Sloan, St. Paul:* I hereby acknowledge that you and myself are equally interested in the purchase of James Stinson of block 12, Stinson's Francis Street Addition to St. Paul, for the sum of $4,000, and that for convenience of transfer the title has been taken from said Stinson in my name only; one-half of price paid for said block, $2,000, to be paid by you on or before three years from the date of this writing, with interest thereon at the rate of eight per cent. per annum, which said interest is to be paid annually; all taxes and assessments on said block are to be paid by us, share and share alike, whenever they become due. If property is not sold before expiration of above time of three years, I hereby agree to deed to you on payment of said principal sum of two thousand dollars, one-half of same free and clear.

"*Dated at St. Paul, Minn., July 2, 1887*

"C. C. BERGH. [Seal.]

"Attest: R. B. GALUSHA."

This was the only writing between the parties. It was not signed by the defendant. The property remained unsold, and defendant paid interest on $2,000 for three years, and half the taxes, and then refused to pay more. Plaintiff tendered a deed of an undivided half of the block, and on June 4, 1892, brought this action to recover one-half the purchase price, and half of the subsequent taxes and interest. The Judge charged the jury, among other things, that this contract might be used by them, but not to determine what the contract was between the parties; that must be found from the testimony outside of this agreement. He said; if you find that there was an agreement such as the plaintiff claims, and that in connection with that agreement an advance was made by the plaintiff, and made for this defendant in the joint enterprise of buying this property for the common purpose of the two and for the common profit of the two, then unless there has been some abandonment or release of the contract, the plaintiff would be entitled to recover. If on the other hand, you find that the contention of the defendant is correct, and that there was no joint purchase of this

property, no mutual agreement between them with reference to buying this property for their common profit, then the defendant would be entitled to a verdict at your hands.

The defendant took no exception to this charge, or to any part of it, and made no request for any further or different charge. The jury returned a verdict for plaintiff, and assessed his damages at $2,318.48. Defendant moved for a new trial, and being denied, appeals.

*R. B. Galusha,* for appellant.

*Lewis E. Jones,* for respondent.

DICKINSON, J. This is an appeal by the defendant from an order refusing a new trial. The case of the plaintiff, as set forth in his complaint, and as presented at the trial, was, in brief, that these parties entered into an agreement, which he claims to have been of the nature of a partnership, for the purchase of a certain tract of land, it being agreed that the plaintiff should pay the purchase price, $4,000, and for the convenience of the parties take the title in his own name, but for the benefit of both parties; that they should bear equally the burden of taxation; that the defendant should pay to the plaintiff interest on one half of the purchase price paid; that, upon a sale of the property being made, they should share in the profits; that within three years the defendant would repay to plaintiff one half of the purchase money, with interest, if no sale should have been made; and that one half of the property should then be conveyed to him. The purchase was made, the title conveyed to the plaintiff, who paid the price as above indicated. The three years having passed, and the land remaining unsold, the plaintiff seeks by this action to recover one half of the purchase price paid by him, the defendant having refused to pay the same.

The defendant denies that there was any partnership agreement, alleging that the plaintiff bought the property solely for himself, and that his (defendant's) agreement, made after such purchase, was merely a verbal, and hence void, agreement on his part to purchase one half of the land from the plaintiff.

The appellant contends that the evidence did not support the plaintiff's claim as to the nature of the agreement. In this the appellant cannot be sustained. The evidence fully and beyond any

reasonable question justified the verdict in favor of the plaintiff so far as concerned the facts in issue.

But it is said that the agreement, even according to the plaintiff's proof of it, did not constitute a partnership agreement, and was void under the statute of frauds. This point is not available to the appellant. The court instructed the jury, in substance, that if the agreement was as claimed by the plaintiff, and if the property was purchased in accordance therewith, and the purchase price advanced by the plaintiff, as a joint enterprise and for their common profit, the plaintiff would be entitled to recover. No exception was taken to this as being the law of the case by which the jury should be guided in the discharge of their duty. The appellant must be deemed to have acquiesced in this statement of the law as applied to this case. The verdict was rightly founded upon that proposition, and a contrary theory of the case cannot now be advanced as a reason for avoiding the result of the trial. *Smith* v. *Pearson*, 44 Minn. 397, (46 N. W. Rep. 849;) *Loudy* v. *Clarke*, 45 Minn. 477, (48 N. W. Rep. 25;) *Coburn* v. *Life Indem. & Invest. Co.*, 52 Minn. 424, (54 N. W. Rep. 373.) This controls the determination of this appeal.

Order affirmed.

VANDERBURGH, J., did not participate.

(Opinion published 54 N. W. Rep. 943.)

Application for reargument denied May 9, 1893.