ABRAHAM L. WEINBERG and Another v. ROBERT H. STEEVES and Another.[1]

January 15, 1901.

Nos. 12,422—(187).

**Directed Verdict—Review on Appeal—Failure to Take Exception.**

   If the party takes no exception to the charge of the trial court directing a verdict against him, he cannot review it upon an appeal from an order denying his motion for a new trial, on the ground that the verdict is not justified by the evidence and is contrary to law. Whether correct or not, it must, for the purposes of the appeal, be taken as the law of the case.

Action in the district court for Mille Lacs county to recover the possession of personal property, or $1,033.75 in case a return could not be had, and $200 damages for unlawful detention. The case was tried before Searle, J., who directed a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*Stiles & Stiles*, for appellants.

*Reynolds & Roeser*, for respondents.

[1] Reported in 84 N. W. 755.

START, C. J.

This is an action of claim and delivery for the crops raised upon the land described in the complaint during the year 1899. On the trial, when the plaintiffs rested, the court directed a verdict for the defendants, to which ruling no exception was taken. The plaintiffs appealed from an order denying their motion for a new trial, and here assign the following errors: The court erred in denying plaintiffs' motion for a new trial because (a) the verdict is not justified by the evidence; (b) the verdict is contrary to law; (c) it was error to direct a verdict for the defendants because the verdict is not justified by the evidence and is contrary to law.

In legal effect the assignments of error present the sole proposition that the trial court erred in directing a verdict for the defendants because the evidence did not justify such a verdict; or, in other words, the plaintiffs here seek to review the instruction of the court to the jury, to which they assented by failing to except to it, by moving for a new trial on the ground that the instructed verdict is not sustained by the evidence. This they cannot do, because, if a party takes no exception to the charge of the court, he cannot review it upon an appeal from an order denying his motion for a new trial on the ground that the verdict is not justified by the evidence and is contrary to law. Whether correct or not, it must, for the purposes of the appeal, be taken as the law of the case. This rule applies to a directed verdict. Stewart v. Davenport, 23 Minn. 346; Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; Madden v. Oestrich, 46 Minn. 538, 49 N. W. 301; Bergh v. Sloan, 53 Minn. 116, 54 N. W. 943; Bates v. Richards L. Co., 56 Minn. 14, 57 N. W. 218; 6 Enc. Pl. & Pr. 701. It follows that we cannot on this appeal inquire whether the directed verdict is sustained by the evidence.

Order affirmed.