JAMES W. SHAVER v. J. NEILS LUMBER COMPANY.[1]

December 31, 1909.

Nos. 16,422—(89).

**Statutory Duty to Guard Dangerous Machinery.**

The plaintiff was injured, while operating in defendant's mill an unguarded saw, which resulted in the loss of his eye. He had a verdict for $4,500. *Held:*

1. If it be practicable, not merely possible, to guard dangerous machinery, the duty imposed by statute to do so is absolute, and upon proof of such practicability and failure to discharge the duty the conclusion follows as a matter of law that the party upon whom the duty rested was guilty of negligence.

2. Evidence tending to show that before the happening of an accident there was no known practicable device whereby a dangerous machine might have been guarded is competent and relevant, but not conclusive, upon the issue of practicability.

3. The verdict is sustained by the evidence, the trial court correctly instructed the jury on the question of the assumption of the risks, and the damages are not excessive.

Action in the district court for Benton county to recover $5,171 for personal injuries. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for $4,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Davis & Hollister,* for appellant.

*Stewart & Brower,* for respondent.

START, C. J.

This is an appeal by the defendant from the order of the district court of the county of Benton denying its motion for judgment or a new trial in a personal injury action, in which the plaintiff was given a verdict for $4,500. On August 29, 1907, the plaintiff was an employee of the defendant in its sawmill at Sauk Rapids, this state,

[1] Reported in 123 N. W. 1076.

and while he was operating a slab saw therein a piece of wood was thrown by the rapidly revolving saw, which struck him in his left eye and so injured it that he lost the sight of that eye. It was his claim on the trial, and is here, that his injury was the result of the defendant's negligence in not guarding the saw. The defendant's claim, with reference to the guarding of the saw, is that it was guarded so far as it was practicable to do so. The assignments of error raise two general questions. They are: Was the defendant entitled to a directed verdict? If not, was it entitled to a new trial for errors in the rulings of the trial court on the admission of evidence, or for erroneous instructions to the jury, or for excessive damages?

1. The defendant, in support of its claim that it was entitled to a directed verdict, and, therefore, judgment notwithstanding the verdict, urges that there was no evidence that the defendant was negligent, or, in other words, that the plaintiff failed to prove that the saw was not guarded so far as it was practicable to do so.

The saw in question was a pull saw, revolving at the rate of fifteen hundred revolutions a minute, upon an arbor in the upper end of a moving framework, to which was fastened a curved handle, of heavy iron, extending over the saw, by which the operator pulled the saw and framework toward himself and the material to be cut. When the saw was pulled forward, so as to operate it, there was no guard, nor any other protecting covering; but when it was not in use it was guarded by a stationary frame covering on one side of it. There was evidence to the effect that prior to the happening of the accident by which the plaintiff was injured similar saws had not been guarded in any other way than the one here in question was. On the other hand, there was evidence on the part of the plaintiff tending to show that it was practicable to have guarded the saw when it was in operation, so as to protect the operator, by fastening a piece of sheet iron, or iron a quarter of an inch thick, to the curved handle over the saw.

The law applicable to cases of this kind is well settled in this state. If it be practicable, not merely possible, to guard dangerous machinery, the duty to do so imposed by the statute is absolute, and upon proof of such practicability and failure to discharge the duty the conclusion follows, as a matter of law, that the party upon whom

the duty rested was guilty of negligence. The question of practicability is one of fact, to be established by the party claiming to have been injured by an unguarded machine. Evidence tending to show that since the happening of the accident a feasible guard for machines of like kind has been discovered, or to show that before the accident there was no known practicable device whereby the machine might have been guarded, is competent and relevant, but not conclusive, upon the issue of practicability. Glockner v. Hardwood Mnfg. Co., supra, page 30, 122 N. W. 465.

The trial court clearly submitted such issue in this case to the jury. We find, from an examination of the record, that the evidence was conflicting on this issue, but sufficient to sustain the necessary finding of the jury, under the charge of the court, that it was practicable to have guarded the machine in question, that it was not guarded, and that the proximate cause of the plaintiff's injury was the defendant's failure to guard the saw.

The defendant further claims that it was entitled to a directed verdict because it conclusively appears from the evidence that the plaintiff assumed the risks of using the saw. It appears from the undisputed evidence that the plaintiff is fifty-six years old, and had been employed in the defendant's saw mill for some twelve years, next before his injury, during the season for sawing; that during this time his regular work was the operating of the slab saw in sawing slabs, during which time the saw, as to being guarded, was substantially in the same condition that it was when he was injured; that everything connected therewith was in plain sight, and when sawing slabs sawdust, particles of bark, wood, and fuzz were sometimes thrown in his face, and on one occasion he was struck on the temple by a piece of edging, but he was not injured; and, further, that he knew that if any such particles were thrown into his eyes he would be injured.

The plaintiff was not injured while operating the saw for the purpose it was intended and usually used, the sawing of slabs; but he was injured while he was sawing large bundles of edgings upon the slab saw by direction of the defendant. The evidence tends to show that the bundles of edgings were a loose mass about fourteen inches

in diameter; that the bundles were not bound, but edgings of different lengths were brought in armfuls and placed upon the slab saw bench, which had no edging trough, side boards, or support by which the edgings could be held; that in order to hold in place the bundles, while they were being sawed, it was necessary for the plaintiff to assume a crouching position, which brought his face nearer to the saw than when sawing slabs, and to rest his left arm and hand on them, so as to keep them in place; that the sawing of edgings was not his customary work, which was sawing slabs, but for a year or more prior to his injury edgings were at times brought to his saw to be cut.

A consideration of the whole record impresses us that the question whether the plaintiff assumed the risks is a close one. He knew that the saw was not guarded; but this alone is not sufficient to charge him with the assumption of the risks, unless he understood and appreciated, or in the exercise of ordinary prudence he ought to have understood and appreciated, the risks to which the condition of the saw exposed him, in doing the acts he was doing when injured. Where, however, an employee is injured by the neglect of his employer to guard dangerous machinery, it should not be held as a question of law that the employee assumed the risks, unless it is clear that reasonable minds could not draw from the undisputed evidence different inferences. Tested by this rule, we are of the opinion that the question in this case whether the plaintiff assumed the risks was one of fact for the jury. Johnson v. Atwood Lumber Co. 101 Minn. 325, 112 N. W. 262; Rase v. Minneapolis, St. Paul & S. S. M. Ry. Co., 107 Minn. 260, 120 N. W. 360, 21 L. R. A. (N. S.) 138. It follows that the defendant was not entitled to a directed verdict in its favor.

2. This brings us to the question whether the defendant was entitled to a new trial for errors of law, or excessive damages. In this connection error is assigned as to the rulings of the trial court in the admission or rejection of evidence, especially upon the question of the practicability of guarding the saw and the competency of witnesses. We find no reversible error in the court's rulings complained of.

It is also urged that the trial court erred in refusing the defendant's

requests for instructions with reference to the question of the assumption of the risks by plaintiff. The court instructed the jury that the plaintiff was bound to know and appreciate all the dangers attending the operation of the saw in the condition in which it was, which an ordinarily prudent man, possessed of ordinary intelligence and common sense, and having the knowledge and experience of the plaintiff, would have known and appreciated, and if the plaintiff knew and appreciated, or ought to have known and appreciated, the dangers incident to operating the saw without a guard, he cannot recover.

The defendant requested the court to charge the jury, with the words inclosed in the parenthesis omitted, as follows: "If the jury believe from the evidence that the plaintiff continued to use the saw in question for several months with full knowledge that there was no guard on or over the saw, or none which prevented materials from being hurled into the air towards the plaintiff's face as he stood operating said saw (and that plaintiff understood and appreciated the risks incident to the operation of the saw in that condition), and that plaintiff made no complaint to defendant that said saw was imperfectly guarded, and if the jury shall further believe that such imperfect guarding or lack of guarding of the saw resulted in the injuries here complained of, still he cannot recover in this action, and your verdict must be for the defendant." The trial court gave this requested instruction, but first modified it by inserting therein the words we have placed in the parenthesis.

The defendant also requested the following instruction: "Plaintiff is conclusively presumed to have seen, understood, and appreciated all risks and dangers that were such as a man of ordinary intelligence would have seen and appreciated, and plaintiff cannot recover in this action for any injury suffered that was proximately caused by or resulted from such risks and dangers." The instruction was given, omitting the word "conclusively," which was stricken out by the court. These modifications of the request are severally assigned as error. Each is without merit, for the court clearly and correctly instructed the jury upon the question of the plaintiff's assumption of risks, and might well have refused to give any part of the special requests, for the reason that all the defendant was entitled to had been fully covered in the general charge.

The last assignment of error to be considered relates to the amount of damages awarded. The defendant urges that they are so excessive as to justify the conclusion that they were given under the influence of passion or prejudice. The evidence shows that as a result of his injury he is entirely blind in one eye, and also tends to show that sympathetic trouble may arise in the other eye, unless the injured one is removed, and that its removal would be attended by some danger to the plaintiff on account of his physical condition. We are of opinion that the damages are not so excessive as to justify any inference of passion or prejudice on the part of the jury.

Order affirmed.