## FALTIN BERTRAM v. BEMIDJI BREWING COMPANY.[1]

September 26, 1913.

Nos. 18,198—(224).

**Negligence of master — unguarded bottling machine — questions for jury.**

1. Defendant operates, in connection with its brewing plant, a certain machine for bottling beer; in the operation of the machine, bottles, either from defects therein or over pressure of air, frequently explode, throwing particles of glass about the room, and thus endangering the safety of the machine operator; it is practicable to so guard or screen the machine as to protect the operator from the exploding bottles; defendant failed to provide and require to be used a proper guard, and plaintiff, an inexperienced operator, was injured by particles of glass from an exploded bottle.

2. It is *held*, that the complaint states a cause of action for the negligent failure of defendant to provide a proper guard for the machine; that the evidence sustains the charge of negligence in this respect, and that the questions whether plaintiff assumed the risk of operating the machine without a guard, or was guilty of contributory negligence, were issues for the jury, and that the evidence sustains the verdict.

Action in the district court for Beltrami county to recover $35,000 for personal injury received while in the employ of defendant. The answer alleged that plaintiff well knew, prior to the time of the accident, the dangers incident to the operation of the machine for filling bottles, with or without the hood or protector thereon, and

1 Reported in 142 N. W. 1045.

Note.—On the question of common practice as the measure of the master's duty to guard machinery, see note in 16 L.R.A.(N.S.) 140. And as to what is comprehended in expression "machinery of every description," in statutes imposing duty on master as to placing guards, see notes in 57 L.R.A. 821 and 30 L.R.A.(N.S.) 36.

Upon the employee's right of action for employer's violation of statutory duty as to guards about machinery, see note in 9 L.R.A.(N.S.) 381.

For a discussion of the authorities on the question of the master's nonliability for coservant's negligence in displacing guards provided for dangerous machinery, see note in 54 L.R.A. 137.

entered into his employment in operating the machine with that knowledge and assumed all the risks incident to it. The case was tried before Stanton, J., and a jury which returned a verdict for $5,000. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*E. E. McDonald,* for appellant.

*John F. Gibbons,* for respondent.

BROWN, C. J.

Defendant is a corporation organized under the laws of the state and engaged in the brewing and sale of beer. In connection with its business it operates a bottling plant, wherein beer is bottled and prepared for sale and shipment to the trade. Plaintiff, for about a month prior to the time complained of, was in defendant's employ as a common laborer, and as such performed such work about the brewing and bottling works as he was from time to time directed by the superintendent or foreman. He was set to work at the bottling machine and was engaged in filling bottles with beer, when one of the bottles being filled exploded, from which a particle of glass struck him in the eye, totally destroying the sight thereof, and to some extent disfiguring his face. Plaintiff thereafter brought this action to recover for the injury so received, charging in his complaint that the same was caused by the negligence of defendant. At the trial a verdict was returned for plaintiff, and defendant subsequently moved for judgment notwithstanding the verdict, which the court denied. Judgment was entered and defendant appealed. There was no motion for a new trial.

At the close of plaintiff's case in chief, defendant moved the court that a verdict be directed for defendant on the grounds: (1) That the complaint failed to state a cause of action, and (2) that the evidence was insufficient to justify a verdict for plaintiff. Again at the conclusion of the trial defendant moved for a directed verdict, and the motion was denied. The issues submitted to the jury included the questions: (1) Whether defendant was negligent in failing to provide a guard for the bottling machine; (2) whether plaintiff assumed the risk incident to working at the machine with-

out a guard; and (3) whether he was guilty of contributory negligence. The same questions are presented to this court, and defendant urges that the complaint fails to state a cause of action, and that the evidence conclusively shows contributory negligence and assumption of risk on the part of plaintiff. Our examination of the record leads to the conclusion that neither contention is well founded.

1. The negligence charged in the complaint, and made the basis of the action, is the alleged failure of defendant to provide and require to be used a guard for the bottling machine. The complaint alleges that the machine, without a guard, is dangerous to workmen; that bottles when being filled with beer frequently explode, causing injury to employees there at work; that the explosions are caused either by over pressure or defects in the bottle or a combination of both; that defendant and its managing officers were aware of this fact; that the machine could, without interference with its operation, be guarded, and employees thus protected from injury by the bursting bottles, and that defendant negligently failed to provide a proper guard; that while defendant had in fact provided a guard, and had operated the machine with its use, the guard, before plaintiff was set to work at the machine, had been removed by orders of defendant, and the machine was thereafter operated without the guard to the knowledge and under the direction of the defendant's managing officers. The complaint also alleges that plaintiff was inexperienced in the operation of the machine and did not understand or appreciate the dangers of operating the same without a guard, and was not advised or instructed with respect thereto; and that, with full knowledge of plaintiff's inexperience, defendant negligently and carelessly ordered and directed plaintiff to work at the machine, in consequence of all of which he was injured.

Conceding, without stopping to consider the question, that defendant may, on its motion under the statute for judgment notwithstanding the verdict, raise the point that the complaint fails to state a cause of action, we find no substantial defect in the complaint before us. That it states a cause of action for the negligent use of this machine without a guard, and requiring plaintiff, an

inexperienced workman, to operate it, with full knowledge that he was thereby exposed to danger from exploding bottles, seems too clear to require comment. It states a cause of action at common law for the failure of defendant to furnish plaintiff with a reasonably safe instrumentality with which to perform his work, as well as for the failure to guard dangerous machinery as required by statute, if the statute be applicable to the case. The objection to the complaint seems to proceed on the theory that plaintiff's action was by its allegations predicated upon a claim of negligence in applying an over pressure of air when filling the bottles, or by supplying defective bottles. Such clearly was not the intention of the pleader and was not intended as the basis of the action. On the contrary the complaint is clear that reliance for recovery was based upon the fact that bottles frequently exploded, (the particular cause thereof is unimportant) and that with knowledge thereof defendant failed to provide a guard for the machinery which, if put in use, would serve to prevent injury to those operating the machine. The trial proceeded upon this theory of the complaint, and was so submitted to the jury by the court, to which no objection was made. The allegations of the complaint relative to the cause of the explosions are mere matters of explanation and not a substantive part of the cause of action.

The further suggestion of defendant that the statutes of the state requiring dangerous machinery to be guarded and protected so far as practicable, to the end that employees may not be injured therefrom, has no application to the machine in question, is not involved on this appeal. The trial court charged the jury that the statutes did apply, to which no objection or exception was taken by defendant. The instructions of the court became the law of the case. Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; 3 Dunnell, Minn. Dig. § 9792.

2. The evidence supports the substantive allegations of the complaint, and the question of the sufficiency thereof to support the verdict does not require extended discussion. It appears without controversy that the bottling machine, when in operation, is dangerous to workmen, unless covered by a screen or guard; that bottles

being filled frequently explode, throwing particles of glass in all directions; that several of defendant's employees had been injured thereby, all to the knowledge of defendant. It further appears, and this was conceded by defendant's manager, that it was practicable to guard the machine; and it also appears that a guard had been provided by defendant but had been, with the knowledge or direction of its officers, discarded and was not in use at the time plaintiff was injured. This evidence made a case of negligence on the part of defendant. Davidson v. Flour City Ornamental Iron Works, 107 Minn. 17, 119 N. W. 483, 28 L.R.A.(N.S.) 332, 131 Am. St. 433.

The evidence also showed, or tended to show, that plaintiff was inexperienced in this class of work, that he did not know that a guard for the machine had been provided by defendant, and further that he was wholly ignorant thereof when he commenced work at the machine. He cannot therefore be said to have been guilty of contributory negligence in working at the machine without putting the guard to use. Whether he assumed the risks of the employment was on the evidence a fair question for the jury. While he knew that bottles frequently exploded when being filled, the testimony was that he did not, because of his inexperience, understand or appreciate the risks and dangers before him. He was given no warning or instructions upon the subject, nor was he informed that a guard was at hand which he could use. The question of assumption of risk was one of fact. Shaver v. J. Neils Lumber Co. 109 Minn. 376, 123 N. W. 1076; Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450. The truthfulness of the witnesses was for the jury and trial court. The jury gave credence to plaintiff's evidence, the learned trial court approved their verdict, and we discover, from the record, no reason for interference.

Judgment affirmed.