## HANS RUSHFELDT v. CARL TALL.[1]

### June 22, 1917.

### Nos. 20,456—(236).

**Verdict sustained by evidence.**

> This case involves only the question whether the evidence in support of a counterclaim sustains the verdict. Accepting the charge of the court, which was not excepted to, as the law of the case, the court is of opinion that the evidence does sustain the verdict.

Action in the district court for Clay county to recover a balance of $567.74 for goods, wares and merchandise sold. Defendant interposed a counterclaim for $635, and tendered judgment for $188.84. The case was tried before Nye, J., and a jury which answered in the negative the question: "Was it agreed between plaintiff and defendant at the time defendant delivered the potatoes in question to plaintiff at his warehouse and cellar that said potatoes were received by plaintiff in part performance of the alleged contract of sale made on the 11th day of October, 1913, at defendant Tall's farm?" They returned a verdict for $576.25 in favor of defendant. Plaintiff's motion that the verdict be reduced to $256.10 was denied. From the judgment entered pursuant to the order for judgment, excepting only that portion which reads: "Now, therefore, on motion of the attorneys for the respective parties it is hereby adjudged that plaintiff recover of the defendant the sum of nine hundred sixty-six and 85/100 dollars ($966.85)," plaintiff appealed. Affirmed.

*W. George Hammett,* for appellant.

*Charles S. Marden,* for respondent.

HALLAM, J.

The question in this case arises on a counterclaim. In the fall of 1913, defendant, a farmer in Clay county, had about 1,200 bushels of potatoes in piles and pits in his field, partially protected from frost. Plaintiff, in connection with a potato buyer named Augustein, called on defendant and had some verbal negotiation looking toward the pur-

[1]Reported in 163 N. W. 505.

chase of defendant's potatoes. The negotiation was not effective because the statute of frauds was not complied with. Soon after this negotiation some of the potatoes were damaged by frost. Plaintiff and the potato buyer then refused to accept the potatoes pursuant to their verbal negotiation. A later understanding was arrived at, however, by which defendant was to haul the potatoes to plaintiff's cellar at Hawley, Minnesota, and this was done. Plaintiff received the potatoes and disposed of them. It is conceded that defendant is entitled to recover the reasonable value of the potatoes received. The jury found a verdict for $576.25 in favor of the defendant. This verdict apparently fixed the value of the potatoes at $500 and the remainder of the verdict was interest thereon. The question on this appeal is, whether there was evidence sufficient to sustain a recovery for this amount.

As to the amount of potatoes, the testimony on the part of defendant was that he sorted out the frozen potatoes as best he could before taking them to Hawley. About 200 bushels were sorted out. Not all of the frozen potatoes were taken out, for it was difficult to determine what potatoes were damaged by frost. Ten hundred and twenty-five bushels were delivered at Hawley. Plaintiff caused these to be sorted again while in his cellar. Some were frozen while in this cellar. The evidence is not decisive as to how many were so frozen, nor as to how many were sorted out there. One witness estimated that 20 per cent were sorted out.

As to value, the court instructed the jury, that they might take into account "the prices prevailing at the time the potatoes were actually delivered and from thence on until they were finally disposed of * * * and then allow what you believe to be a fair compensation to Mr. Tall for the potatoes." No exception was taken to this charge and it is the law of the case. Plaintiff sold the potatoes early in April. The evidence is that during February and March potatoes were worth 70 cents a bushel.

There is some uncertainty in the proof, both as to the amount of sound potatoes and as to their value at any particular time. The jury, however, under the instruction of the court, which was acquiesced in, was not obliged to assess their valuation as of the time of delivery to plaintiff's cellar, but in determining their fair value might consider the prices prevailing from then until they were finally disposed of. We

think the evidence as to amount and value was such that a verdict for the amount rendered may be sustained.

Judgment affirmed.