## STATE BANK OF READING v. M. RONAN.[1]

December 5, 1919.

No. 21,449.

**Assignment of error based on charge to jury.**

1. Error cannot be assigned in this court upon the instructions to the jury, unless exceptions are taken upon the trial or by a motion for a new trial.

**Dismissal of action.**

2. Defendant was not entitled to a dismissal when plaintiff rested.

**Ruling of trial court.**

3. No ruling prejudicial to defendant was made in the trial.

[1]Reported in 174 N. W. 892.

· Action in the district court for Nobles county to recover $3,035.70 upon defendant's check. The case was tried before Nelson, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $3,141.96. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*J. A. Cashel,* for appellant.

*E. J. Jones,* for respondent.

HOLT, J.

On May 10, 1918, defendant drew a check upon the plaintiff bank for $3,035.70, payable to the order of Ed. Kizer, and delivered it to Kizer in payment of cattle bought. It is alleged that Kizer on the same day for value sold and indorsed the check to the First National Bank of Wilmont; that two days later the Wilmont bank for value sold and indorsed the check to the State Bank of Worthington; that the latter bank, in turn, for value sold and indorsed the check to plaintiff on May 23, 1918; that when plaintiff received the check defendant did not have sufficient funds on deposit with plaintiff to pay the same, and that thereupon plaintiff presented the check to defendant, who directed plaintiff to hold it, and agreed to deposit sufficient funds within a reasonable time to pay it. The answer alleged that Kizer had falsely stated to defendant's agent that the agreed purchase price for the cattle was the amount of the check, whereas in fact it was much less, and that defendant stopped payment of the check before it had been charged to his account or paid by plaintiff. There was a verdict for plaintiff, upon which judgment was entered and defendant appeals.

There was no exception taken to any part of the charge when it was given, and the only way in which the court's instructions could thereafter be questioned would be by a motion for new trial under section 7830, G. S. 1913. There was no motion for a new trial. "An assignment of error, based upon the charge, is not considered, unless an exception is taken at the trial, or there is a specification of error in the motion for a new trial." Ogren v. City of Minneapolis, 121 Minn. 243, 141 N. W. 120. The charge as given must therefore be accepted as the law of the case, and under that law the verdict is justified by the evidence.

When plaintiff rested there was a motion to dismiss and an exception

saved. Defendant was not entitled to a dismissal. Under the case made by plaintiff, the jury could well find that when the check was presented the defendant did not have sufficient funds to meet it, and when his attention was called thereto he requested the check to be held a couple of days to enable him to make a deposit to take care of it, and that it was customary for defendant and his employee to make similar requests and keep the promises made in regard to the same.

The only other assignment of error open to review is upon the court's refusal to strike out an answer given by defendant's cashier as to what defendant's employee, in charge of his business, said when the check was there presented on May 24, 1918. The question was: "What was said about the check?" The answer was: "He told me that they would have funds in the course of a couple or three days to take care of that check, and advised me to hold it." Then defendant's counsel said: "Objected to and move to strike it out unless he shows that this agent had any authority to borrow money by this form of overdraft." To this ruling there was an exception, but after two or three more questions this occurred:

"Did Paul Wassmund (defendant's employee) say anything about the check not being all right?"

A. "He did not."

Q. "Just merely told you to hold it, and that there would be funds there in a few days to meet it?"

A. "Yes, sir."

The attorney for defendant then stated: "Objected to as leading, and move to strike it out."

There was no exception to this ruling refusing to strike the answer. Later in the trial evidence was given that both defendant and his employee had, on several occasions, preferred similar requests to the bank to hold checks representing overdrafts on defendant's deposit account until further deposit could be made; that plaintiff had so held checks drawn by them, and that deposits had been made to take care of such checks. It also appeared that the employee named was in charge of defendant's place of business and drew and issued checks on defendant's deposit account with plaintiff. No further motion to strike out the testimony as to what Paul Wassmund said when the check was presented was made. From the above statement it is clear that no prejudicial er-

ror can be based on the ruling referred to, even were it conceded that the answer when given should have been stricken.

The judgment must be affirmed.