# F. J. SMITH v. GRAY MOTOR COMPANY AND ANOTHER.[1]

October 29, 1926.

No. 25,350.

**What question can be raised on appeal from denial of motion for judgment notwithstanding.**

1. Where the appealing defendant rests upon a motion for judgment notwithstanding the verdict, the only question is whether it clearly appears that the plaintiff is not entitled to recover.

**When instructions to jury are law of the case.**

2. Instructions to the jury not objected to become the law of the case.

**Verdict sustained by evidence.**

3. Whether the evidence is sufficient to sustain the verdict is to be determined by applying the law as given to the jury for their guidance. Under this rule the evidence is sufficient to sustain the verdict.

**Defendant cannot raise on appeal either point specified.**

4. Defendant is not in position on this appeal to invoke the rule that a party who signs an instrument in blank and delivers it to another is liable thereon to a good faith purchaser who takes it after it has been filled out. Neither is defendant in position to claim that plaintiff's damages should be offset against the note signed by him.

Appeal and Error, 3 C. J. p. 696 n. 61; p. 843 n. 67; p. 922 n. 36; 4 C. J. p. 665 n. 2; p. 670 n. 91 New; p. 850 n. 50.
Chattel Mortgages, 11 C. J. p. 596 n. 40.

Action in conversion in the district court for Hennepin county. The case was tried before Leary, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed. Affirmed.

*M. A. Jordan* and *Thomas Kneeland,* for appellant.

*William Rochford* and *C. O. Holten,* for respondent.

[1]Reported in 210 N. W. 618.

TAYLOR, C.

On May 15, 1924, plaintiff purchased a used automobile from the Gray Motor Company of Minneapolis for the sum of $1,475. He paid $500 on receiving the car and was to pay the remaining $975 in 12 equal monthly instalments. He claims that when he gave the motor company his check for the cash payment of $500, they presented a blank form as the instalment contract for the remaining payments which he signed without reading and in which none of the blanks had then been filled out. Two or three weeks later, the Mercantile Acceptance Company mailed him a notice from Chicago that they had purchased his note of $1,107.72 given to the Gray Motor Company, that the instalments must be paid to them and that the first instalment of $92.31 would be due on June 15th. Plaintiff wrote asking what the $132.72 added to the $975 was for, but received no reply. Shortly thereafter he sent a check of $81.25 for the first instalment to the Gray Motor Company. That company indorsed the check over to the Mercantile Acceptance Company, but the latter company refused to accept it and it was later returned to plaintiff. In July, 1924, the Mercantile Acceptance Company seized the automobile and sold it under a chattel mortgage assigned to that company by the Gray Motor Company and alleged to have been executed by plaintiff to secure the note of $1,107.72.

Plaintiff brought this action against both companies alleging a conversion of the automobile. At the trial he limited his claim of damages to the amount which he had paid on the purchase price. He also abandoned his claim against the Gray Motor Company as that company had taken no part in seizing or selling the automobile. The action proceeded against the Mercantile Acceptance Company alone, and that company will be intended by the term defendant when used hereafter. The jury returned a verdict for plaintiff and against this defendant. The defendant, without asking for a new trial, made a motion for judgment notwithstanding the verdict. This motion was denied and judgment was entered on the verdict. The defendant appealed.

As defendant rests upon its motion for judgment without asking for a new trial, errors at the trial, whether in the rulings or in the

instructions to the jury, cannot be reviewed or considered. The only question for consideration is whether it clearly appears from the record that plaintiff is not entitled to recover. N. W. Marble & T. Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L. R. A. 1915D, 1077; Helmer v. Shevlin-Mathieu Lbr. Co. 129 Minn. 25, 151 N. W. 421; Bosch v. C. M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202; Smith v. Minneapolis St. Ry. Co. 132 Minn. 51, 155 N. W. 1046; Hoggarth v. M. & St. L. R. Co. 138 Minn. 473, 164 N. W. 658; Mahoney v. St. Paul City Ry. Co. 140 Minn. 516, 168 N. W. 49; Nat. Cash Reg. Co. v. Merrigan, 148 Minn. 270, 181 N. W. 585; Wyman, P. & Co. v. Bible, 150 Minn. 26, 184 N. W. 45.

Defendant presented testimony to the effect that plaintiff executed both the note and the chattel mortgage, and that both were filled out in full exactly as they now are before he signed them. Plaintiff testified that no mention was made of a chattel mortgage at any time, that he had no knowledge of any such instrument and that whatever he signed was a blank form in which neither terms nor amounts had been inserted. The note is lengthy, covering nearly two pages of the printed record. Plaintiff admitted that the signature to this instrument was his signature but was positive that the signature to the chattel mortgage was not his signature. The court instructed the jury to the effect that if the instruments were signed by plaintiff after they had been filled out, as claimed by defendant, defendant was entitled to a verdict; that if they were signed in blank, as claimed by plaintiff, and were subsequently filled out for a greater amount than plaintiff had authorized, they were void and plaintiff was entitled to recover.

No objection was made or exception taken to the charge. Instructions to the jury not objected to become the law of the case whether right or wrong. Smith v. Pearson, 44 Minn. 397, 46 N. W. 849; Madden v. Oestrich, 46 Minn. 538, 49 N. W. 301; Bergh v. Sloan, 53 Minn. 116, 54 N. W. 943; Bertram v. Bemidji Brg. Co. 123 Minn. 76, 142 N. W. 1045; Quinn v. St. P. B. & Mnfg. Co. 128 Minn. 270, 150 N. W. 919; International Lbr. Co. v. Bradley T. & Ry. S. Co. 132 Minn. 155, 156 N. W. 274; Rushfeldt v. Tall, 137

Minn. 281, 163 N. W. 505; Burmaster v. Alwin, 138 Minn. 383, 165 N. W. 135; Staley v. Theo. Hamm Brewing Co. 142 Minn. 399, 172 N. W. 491; State Bank v. Ronan, 144 Minn. 236, 174 N. W. 892.

"The jury were bound to accept the law as given to them by the court, and by not excepting to the charge the defendant consented that the weight and sufficiency of the evidence and the issues in the case should be determined by the jury in accordance with the law as given by the court; and whether the charge was right or wrong, it must, for the purposes of this appeal, be taken as the law of this case; and whether the verdict was against the evidence and contrary to law must be determined by the application of the rules of law as laid down in the charge." Smith v. Pearson, supra.

The sufficiency of the evidence to sustain the verdict must be measured under and in accordance with the rules given to the jury for their guidance in determining the rights of the parties. If these rules are wrong the remedy is to call the attention of the court to the error by taking an exception to them. If this be done, the error will be corrected either by the court itself or on appeal. But such an error does not entitle the defendant to a judgment notwithstanding the verdict, but only to a new trial under correct rules, or to a correction of the error in some other manner. The evidence in this case is sufficient to sustain the verdict upon the theory on which the case was tried and submitted to the jury, and defendant is not entitled to judgment notwithstanding the verdict.

Defendant urges here that, even if the chattel mortgage was signed in blank, the uncontradicted evidence shows that it was fully filled out when received by defendant, and that a party who signs an instrument in blank and delivers it to another is liable upon it to a good faith purchaser who takes it after it has been filled out. This is not the theory on which the case was tried or submitted to the jury, and is not available to defendant as a ground for judgment on this appeal. Dun. Dig. §§ 401, 404, 9792. Moreover, the claim that plaintiff signed the chattel mortgage is not conceded but denied, which raised a question of fact as to that issue.

Defendant also urges that as plaintiff reduced his claim for damages to an amount less than the amount of the note, he is not entitled to recover. There are several reasons why this position is not tenable upon this appeal. The question was not raised at the trial. No claim was made that the amount of the note or the balance, if any, due thereon should be offset against plaintiff's damages. Defendant sold the automobile and applied the proceeds on the note. What amount, if any, remains due on the note does not appear. Plaintiff did not ask for the value of the automobile but only for the value of his interest in it measured by the proportion of the purchase price which he had paid, and the verdict represents only that interest. There is no basis for the claim now made.

The judgment must be and is affirmed.