EDWARD J. HAWLEY v. TOWN OF STUNTZ.[1]

November 8, 1929.

No. 27,413.

[1]Reported in 227 N. W. 358.

412

*George D. Reed,* for appellant.
*Gannon & Strizich,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its alternative motion for judgment notwithstanding the verdict or, if that be denied, then for a new trial.

Plaintiff, a civil engineer, performed services for the defendant in preparing plans and specifications for the paving of a highway in the township and services incidental thereto, including attention to the advertising for bids and examination and checking of bids received. The services were fully performed. At the trial of the case plaintiff recovered a verdict for the amount claimed.

The assignments of error present the question whether the evidence is sufficient to sustain the verdict. Without going into detail, our examination of the record shows that there is ample evidence of the rendition of the services and their value, and of the acceptance of the services by the town by receiving the plans and specifications and acting thereon by calling for bids in accordance with these plans and specifications, and receiving, considering, and acting on the bids so received. There was undisputed and conclusive evidence at the trial that two of the three town supervisors, not at a meeting of the town board and without the presence of the third supervisor, employed the plaintiff to perform the services. Such contract of employment, unless ratified by the defendant or its board of supervisors duly acting as such, would not be binding upon defendant town. There was evidence received, without objection but held by the court not conclusive, that there was an agreement between plaintiff and the two supervisors, at the time of and as a part of the attempted hiring, that plaintiff should receive as compensation for his services three per cent of the amount of the lowest bid received for the construction of the paving.

The court charged the jury, in substance, that as a matter of law the town supervisors had duly ratified the contract of employment

made with plaintiff by the two supervisors, but that it was a question of fact for the jury to determine whether there was an agreement to pay three per cent of the amount of the lowest bid, or whether the contract was one of hiring without any agreement as to amount of compensation; that if they found the agreement was to pay three per cent of the amount of the lowest bid they were to return a verdict for that amount, which amount was not in dispute and was stated to the jury; that in case they found the compensation was not so agreed upon, then they were to determine from the evidence the reasonable value of plaintiff's services and find a verdict for the amount so arrived at. · The jury returned a verdict in the amount which plaintiff would be entitled to on a contract for three per cent of the lowest bid; but, as the evidence placed the value of his services at the same amount, it does not clearly appear on which basis the jury found their verdict. The town board had allowed and paid to a stenographer, who had typed the plans and specifications for plaintiff, a small bill for such services, which was, and was to be, deducted in either case.

At the close of the charge defendant's counsel stated: "Defendant enters a general objection to the charge of the court." There was no other exception and no requests to charge. In his motion for a new trial counsel assigns as error: "That the court erred in charging the jury, as set forth in the typewritten record of the settled case herein." This refers to the general objection above quoted. It is clear that this presents no sufficient exception as to any part of the charge, and that no sufficient exception or sufficient assignment of errors as to the charge is made in the motion for a new trial. That being the case, the charge cannot be questioned here and stands as the law of the case. We are concerned then only with the question whether there is sufficient evidence to justify the verdict under the charge as given or as gauged by the law as given to the jury in the charge. As already indicated, when so tested, the evidence is ample to sustain the verdict.

The long line of authorities in this state establishing this rule will be found in 6 Dunnell, Minn. Dig. (2 ed.) § 9792, and notes.

We need not here cite the cases but may refer to the opinion by Justice Mitchell in Smith v. Pearson, 44 Minn. 397, 399, 46 N. W. 849, where it is held that where the charge is not excepted to, "whether the charge was right or wrong, it must, for the purposes of this appeal, be taken as the law of this case; and whether the verdict was against the evidence and contrary to law must be determined by the application of the rules of law as laid down in the charge."

In Dobrowoloske v. Parpala, 121 Minn. 455, 141 N. W. 803, the statement is that where the charge is not excepted to it becomes the law of the case by which the sufficiency of the evidence is to be gauged.

The latest expression of the rule is found in Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618.

If the evidence were conclusive against the verdict, the rule might not apply. But such is not this case, nor are we to be understood as holding that there was any error in the charge.

Appellant contends that no verified and itemized claim, in compliance with G. S. 1923 (1 Mason, 1927) § 766, was presented to the town board. It is undisputed that plaintiff's claim was promptly presented and filed with the town clerk, although not then itemized or verified; that it was examined and marked O. K. by two members of the town board but was not regularly audited or approved at any meeting of the board. Before it came up at regular meeting the town election intervened and one or more new members were elected. It is to be inferred that the town supervisors in office since that time have at no time been inclined or willing to allow plaintiff's claim. In April, 1928, plaintiff presented to and filed with the town clerk a properly itemized and verified claim. On May 3, 1928, the town board referred it to their attorney. This suit was brought the next day. No prejudice is shown. If presented earlier, the claim would apparently have been disallowed. We conclude there was sufficient compliance with § 766.

Attention may also be called to G. S. 1923 (1 Mason, 1927) § 1106, which is part of c. 8, relating expressly to towns and town officers.

That section apparently came into the statute as a new section in 1905 and has reference to actions upon claims against the town, while § 766, found in c. 7, relating to counties and county officers, has reference to the auditing and allowance of claims. Section 1106 is the later law. It requires only that before suit is brought. a statement of the claim shall be filed with the town clerk. It does not in terms require that the claim be itemized or verified.

It is urged that there was a variance between the complaint and the evidence, in that the complaint was based on quantum meruit and evidence was received on both that theory and the theory of agreed price. Under the charge as stated, the question is probably not important. By the decision in Northwestern M. & T. Co. v. Swenson, 139 Minn. 365, 166 N. W. 406, and in James E. Carlson, Inc. v. Babler, 144 Minn. 125, 174 N. W. 824, there was no variance.

Order affirmed.

[1]Reported in 227 N. W. 357.