M. D. GROVER v. FRED BACH and Another.[1]

January 23, 1901.

Nos. 12,394—(210).

Ownership of Note—Verdict.

> *Held,* that the finding of the jury to the effect that the plaintiff was not the owner of the note which is the subject of this action is not sustained by the evidence.

Action in the district court for Traverse county on a promissory note. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*F. W. Murphy,* for appellant.

*Frank C. Hale* and *Spooner & Hutchinson,* for respondents.

START, C. J.

This is an action upon a promissory note executed by the defendants for $300, dated December 7, 1892, due October 1, 1893, and payable, with interest at the rate of ten per cent. per annum, to the order of H. B. Cory. The complaint alleges the execution of the note by the defendants, and that it was, for value, trans-

[1] Reported in 84 N. W. 909.

ferred (not indorsed) to the plaintiff before its maturity. The answer, so far as here material, admitted the execution of the note, put in issue the plaintiff's ownership thereof, and, as a further defense, set up the plea of usury. The trial court instructed the jury, in effect, that there were two issues for them to consider: First. Was the note transferred to the plaintiff prior to June 17, 1895? Second. Was the note in fact usurious? As to these questions the court gave this instruction:

"Now, with regard to the first question,—as to whether or not Mr. Grover became the owner of that note before the 17th day of June, 1895,—I will ask you to make a specific answer to that question. If he did not, your verdict should be for the defendant. Even though he did, if there was usury in the case, then your verdict should be for the defendant."

The verdict was as follows:

"Questions to Be Answered by Jury:
Question 1. Was the plaintiff, M. D. Grover, the owner of the note described in the complaint at the time of the commencement of this action, and also on and prior to June 17, 1895? Answer. No.
We, the jury in the above-entitled action, find a verdict in favor of the defendants."

The plaintiff appealed from an order denying his alternative motion for judgment in his favor for the amount of the note notwithstanding the verdict, or for a new trial.

The plaintiff here claims that not only is the verdict unsupported by any substantial evidence, but that upon the whole record he is entitled to judgment as a matter of law. As to the issue of usury, the most that the plaintiff reasonably can claim is that the preponderance of the evidence was so manifestly in his favor that the trial judge, in the proper exercise of his discretion, ought to have granted a new trial of the issue. But we are of the opinion that it must be held, as a matter of law, upon a consideration of the entire evidence, that the plaintiff was the owner of the note at the time stated in the court's charge, and for this reason a new trial of the action must be granted.

Such being the case, we deem any analysis of the evidence bearing upon the issue as to usury inexpedient, for the reason that

it might be prejudicial to the parties upon another trial of the cause. Upon a consideration of the entire evidence, we hold that the plaintiff was not entitled to an instructed verdict in his favor on the issue of usury, but the question; under the evidence, was one of fact. It is clear, however, from the instructions of the court and the general and special verdict, that it is impossible to determine whether the jury based the general verdict upon the finding that the plaintiff was not the owner of the note, or upon a finding that the note was usurious, or both; hence, if it was error to submit to the jury the question of the plaintiff's title to the note, the only way to correct the error is to grant a new trial. Peterson v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 31 N. W. 515; Funk v. St. Paul City Ry. Co., 61 Minn. 435, 63 N. W. 1099.

The evidence as to the plaintiff's title to the note was undisputed. He testified positively to the effect that the note was transferred to him as collateral security for the payment of a still unpaid debt due to him from the payee of the note, giving the details; that it was so transferred and actually delivered to him on March 13, 1893, and so remained in his possession until about May, 1897, when, at the request of the payee, he forwarded it to attorneys for collection. There is nothing in his testimony to suggest that it was not entitled to full credence, or to justify its rejection as untrue, or to bring it within the rule that courts and juries are not bound to accept as true the testimony of a witness, although there is no direct contradiction, where it contains improbabilities and contradictions which, alone or in connection with other circumstances in evidence, furnish reasonable grounds for concluding that it is false. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219.

It follows that the finding of the jury that the plaintiff was not the owner of the note is without evidence to sustain it, and that the only issue which should have been submitted to the jury was the question of usury.

Order reversed and a new trial granted.