## ELMER NORDBERG v. WILLIAM S. HALL.[1]

November 17, 1911.

Nos. 17,232—(65).

**Negligence of master — questions of fact.**
Whether defendant was chargeable with negligence in failing to warn and

[1] Reported in 133 N. W. 168.

---

[Note] Duty to warn or instruct servant generally, see note in 44 L.R.A. 40. Duty to warn minor servant of dangers of employment, see note in 29 L.R.A. (N.S.) 111.

instruct an inexperienced servant in his employ, and to provide him rea.
sonably safe instrumentalities with which to do his work, *held*, on the evidence, questions of fact.

Action in the district court for Hennepin county to recover
$15,000 for personal injuries. The facts are found in the opinion.
The answer alleged that at the time of the injury plaintiff and a
fellow-workman were engaged in re-aligning and leveling an engine, and that plaintiff was removing from underneath the bed of
the engine cement upon the top of the foundation upon which the
engine rested and that while so engaged he sustained injuries. The
reply was a general denial. The case was tried before Dickinson,
J., who, at the close of plaintiff's case, directed a verdict in favor
of defendant. From an order granting plaintiff's motion to set
aside the verdict and grant a new trial, defendant appealed. Affirmed.

*Bracelen & Cronin,* for appellant.
*M. C. Brady,* for respondent.

BROWN, J.
Defendant operates a machine shop in the city of Minneapolis
under the name of "Eagle Iron Works." He employs several workmen, including skilled machinists, and the business is conducted
and handled under the direction of a foreman. Some time in the
latter part of January, 1910, plaintiff applied to him for work,
and defendant employed him as an apprentice in the machinists'
trade. Plaintiff was wholly without experience in the work, and
up until the accident complained of was given various duties of a
general character to perform. He informed defendant, at the time
he applied for the position, that he was unfamiliar with the work,
and understood little concerning the use of tools and instrumentalities of the character there used. He was twenty-two years of
age, with no education, having left school at the age of fourteen
years.

On March 12, 1910, about five weeks after he first entered upon
this apprenticeship, he was directed to go on the evening of that

day to the Customs Laundry, where he would meet Ernest Hall, a son of defendant and a machinist in his employ, and there assist in the performance of certain work in overhauling and leveling up a small stationary engine or boiler. Plaintiff was not informed of what particular part of the work he would be required to do, and was directed to follow the instructions and orders of Hall, who had sole charge of the improvements then to be made. At the appointed time plaintiff proceeded to the Laundry building, and there met Hall, and they immediately commenced the work in hand. Hall had taken with him such tools as he thought necessary, in the selection of which plaintiff was not consulted; at least, there is no evidence that he assisted in selecting them.

They dismantled the engine, and to level the same up it became necessary to loosen it from its foundation. The foundation consisted of brick, with a layer of cement, upon which the bottom of the engine rested, and it was attached and held in position by means of iron rods extending into the foundation. It was necessary to remove the cement around these rods, and, after instructing plaintiff how to do the work, Hall proceeded with other engagements in connection with the improvements to be made. Plaintiff, using a chisel and hammer, removed the cement from around several of the rods, when he found a block of wood imbedded in the cement, which he did not know how to dispose of. He called Hall's attention to it, saying that the chisel was too short to reach it, whereupon Hall handed him a long, flat file with a pointed end, and directed him to insert the same into the block of wood, strike it with a hammer, and then endeavor to pry the block out. Plaintiff complied with the directions, with the result that upon the second blow of the hammer upon the end of the file sparks or particles of steel flew therefrom, striking plaintiff in the eye, destroying its sight.

It was shown on the trial, without contradiction, that files are hard and brittle, liable to break or chip off, if struck with a hammer, and are not designed or intended for any such use. It was further shown that there is always danger to workmen in so using a file, and that all machinists know and well understand that fact. Hall, who directed plaintiff to so use the file, was a machinist of twelve

years' experience. Plaintiff was ignorant of the properties of files, and was not aware that the use to which he was directed to put this one was improper or dangerous. He brought this action to recover for his injury, charging in his complaint that defendant negligently failed to warn and instruct him with reference to the dangers incident to the use of the file for the purposes and in the manner stated, and that the file was an improper and dangerous tool when so used. At the trial, after plaintiff had rested his case, the court directed a verdict for defendant, but subsequently granted plaintiff's motion for a new trial. Defendant appealed.

The trial court properly granted a new trial. Plaintiff was inexperienced in the work, and unfamiliar with the use of tools employed in defendant's occupation. He did not know of the dangers incident to striking a file with a hammer in the manner stated, which danger was known to defendant and to Hall, to whom he had committed the control of the work of repairing the laundry boiler. That plaintiff was entitled to instructions in his work, and to be provided with reasonably safe tools and instrumentalities, cannot well be questioned from the standpoint of the law. The complaint charged a failure to instruct plaintiff, and, fairly construed, a failure to provide him with safe tools, with which to do his work. The evidence tends to support these allegations.

The case presented is not one disclosing mere negligence of a fellow servant but one where there was a neglect of absolute duties of the master, in this: The failure to instruct an inexperienced and ignorant servant, and the failure to provide him with reasonably safe tools and instrumentalities with which to perform his work. Plaintiff had no choice in the selection of the tools for this work, and he was provided with an unsafe one by the representative of defendant, with full knowledge of the dangers incident to the use then to be made of it. The evidence made a case for the jury.

Ling v. St. Paul, M. & M. Ry. Co. 50 Minn. 160, 162, 52 N. W. 378, and other like cases, cited and relied upon by defendant, are not in point. If in that case it had appeared that the defective hook, the cause of the injury therein complained of, had been selected by the foreman with knowledge of its defects, and he had

then set uninformed and inexperienced subordinates to work with it, the court would undoubtedly have reached a different conclusion. But such was not the case there presented.

Order affirmed.