## ALBERT NOVAK v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 26, 1913.

Nos. 18,287—(161).

**Failure to warn servant.**

1. In a personal injury action the evidence is *held* sufficient to support a finding of the jury that the defendant was negligent in failing to warn the

[1] Reported in 144 N. W. 751.

---

Note.—The authorities on the general question of the master's duty to warn or instruct servant are collated in an extensive note in 44 L.R.A. 33. And as to the

plaintiff, an inexperienced employee, of the danger incident *upon* the use of a machine with which he was working and to instruct him as to an understood method of avoiding or lessening such danger.

**Negligence of fellow servant — request to charge.**

2. Conceding that a fellow servant of the plaintiff was negligent in his method of blocking the machine, and that his negligence had a casual connection with the injury, the case presented was one of the contributing or concurring negligence of a fellow servant, and a requested instruction by the defendant ignoring this was properly refused.

Action in the district court for Ramsey county to recover $15,000 for personal injuries sustained while in defendant's employ. The answer alleged contributory negligence on the part of plaintiff and that he assumed all the risks. The case was tried before Dickson, J., who at the close of the case denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $650. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*H. L. Dunn* and *Loomis, Keller & Schwartz,* for respondent.

DIBELL, C.

This is an action for personal injuries. There was a verdict for the plaintiff and the defendant appeals from the order denying its alternative motion.

1. The plaintiff was employed as a machinist's helper in the defendant's shops. He and the machinist were engaged in driving bolts in an engine undergoing repairs. A machine known as a bolt-driver was used. The machine, on the occasion of the plaintiff's injury, was placed horizontally between the bolt to be driven and an opposite surface, and blocking was used to make it secure. The bolts were driven by hydraulic pressure. The evidence is that a bolt-driver is liable to slip or fly from its place, and that its use is necessarily at-

master's duty to protect or warn servant against dangers not reasonably to be apprehended, see note in 21 L.R.A.(N.S.) 89.

On the question of negligence of fellow servant concurring with failure of the master to establish or enforce proper rules or regulations for conduct of business, see note in 4 L.R.A.(N.S.) 516.

tended with danger.    The evidence is that there is an understood method whereby one, by assuming a particular position relative to the blocking, can avoid or lessen the danger.    No warning or instruction was given to the plaintiff.    He was unfamiliar with the work. The court rightly left it to the jury to find whether the situation was such that it was negligence in the defendant not to warn the plaintiff of the danger of the work or to instruct him how to avoid its dangers. An employer may be liable for a failure to warn or instruct though his machinery is in proper condition and is properly operated.    The case involves the application of a principle illustrated by many cases. 2 Dunnell, Minn. Dig. §§ 5929–5942.    The evidence justified a finding of negligence.

2. At the close of the trial the defendant moved for a directed verdict.    The motion was denied.    The court at the time stated that it thought that there was no question, except the one just mentioned, to be submitted to the jury; and that the case would be submitted upon that question.    The defendant at the time made no suggestion as to the negligence of the machinist who, it is conceded, was a fellow servant.    In the complaint the negligence of the machinist in putting in the blocking was alleged and some evidence in proof of it was offered.    At the close of the charge the defendant called attention to the alleged negligence of the machinist in blocking the bolt-driver and suggested, in substance, that if he was negligent and there was a causal connection there could be no recovery by the plaintiff.    Conceding that there was evidence of the negligence of the machinist, and of its causal connection with the plaintiff's injury, sufficient to go to the jury, nothing was presented to the court requiring it to charge relative thereto.    If the machinist was negligent the case was one to be submitted to the jury upon the question of the negligence of the defendant and the contributing or concurring negligence of a fellow-servant within the familiar rule stated in Swanson v. Oakes, 93 Minn. 404, 101 N. W. 949, and cases cited.    No other submission would have been proper, and such a submission was not asked.

We think it unnecessary to discuss the claim that the damages are excessive.

Order affirmed.