AGNES J. REEVES, AS SPECIAL ADMINISTRATRIX OF THE
ESTATE OF FLOYD A. REEVES, DECEASED, v. CHICAGO,
ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY
COMPANY.[1]

October 29, 1920.

No. 21,889.

**Federal Safety Appliance Act — case followed.**

1. Following Slater v. Chicago, St. P. M. & O. Ry. Co. 146 Minn. 390,
178 N. W. 813, it is *held* that the presence of a piece of coal upon a step
leading to a locomotive cab does not constitute a violation of the Fed-
eral Safety Appliance Act.

**Federal Boiler Inspection Act.**

2. Nor does the Federal "Boiler Inspection Act," so-called, guarantee
the employee against such obstruction.

**Commerce — negligence of master — res ipsa loquitur.**

3. That an employee engaged in interstate commerce met accidental
death by stepping on a chunk of coal upon the steps leading up to a
locomotive cab, is not prima facie proof of the employer's negligence un-
der the rule of res ipsa loquitur.

Action in the district court for Hennepin county to recover $45,000
for the death of plaintiff's intestate. The case was tried before Leary,
J., who at the close of the testimony granted defendant's motion for a
directed verdict. From an order denying his motion for a new trial,
plaintiff appealed. Affirmed.

*George C. Stiles* and *F. M. Miner,* for appellant.
*Richard L. Kennedy* and *Donald Evans,* for respondent.

HOLT, J.

There was a directed verdict for defendant, and plaintiff appeals from
the order denying a new trial.

The Chicago & North Western Railway Company is the owner of rail-
road switch yards in Sioux City, Iowa, a division terminal where its

[1]Reported in 179 N. W. 689.

trains as well as those of defendant are received, broken up and made up. Under some arrangement, all the switching in these yards is done by defendant for both railroads. Two of the switch yards are north of Dace street, and one, called the stock yard, is two or three blocks southeast of that street. Main and passing tracks connect the yards. Plaintiff's intestate, Floyd A. Reeves, was in the employ of defendant as a night yard foreman. The North Western company has a regular freight train, known as No. 254, which daily leaves the yards north of Dace street at about 8 p. m. with cars destined for Chicago and intermediate eastern points, thence proceeds to the stock yards and attaches the cars there set out by defendant for the same destination. On the evening of May 13, 1918, Mr. Reeves and his crew had been switching in the yards north of Dace street and as they proceeded south to the stock yard he dropped off at that street. The crew passed on to the stock yard and gathered 18 cars ready to go into No. 254. At about 8 o'clock p. m. the regular crew of No. 254, employees of the North Western company, started from one of the yards north of Dace street with the engine and 10 cars, moved south towards the stock yard to receive in the train the 18 cars collected by Reeves' crew. In the meantime Reeves was waiting a block or so south of Dace street, and, when No. 254 approached, he attempted to board the engine, missed his footing and was killed. The evidence is clear that he did not give a stop signal to the engineer in charge of the train. The jury could have found that Mr. Reeves had authority to direct the movements of No. 254 within the yard limits, that the accident happened within such limits, and that he intended to give the engineer some direction with reference to two of the cars to be attached to the train. It may also be conceded, for the purposes of this appeal, that the jury could have found that a piece of coal on the lower step leading up to the gangway of the engine cab caused Mr. Reeves to fall.

Two contentions are made by appellant: The presence of the coal on the step was a violation of the Federal Safety Appliance Act, but, if not, its presence was prima facie evidence of negligence.

That the presence of a piece of coal on the step mentioned, does not prove a violation of the Federal Safety Appliance Act must follow from the construction given the statute in Slater v. Chicago, St. P. & M. O. Ry. Co. 146 Minn. 390, 178 N.W. 813. No defect was claimed in the step.

The only thing that rendered it dangerous was a foreign body that had found a temporary lodgment thereon.

Plaintiff also contended that the Federal "Boiler Inspection Act," so called [U. S. Comp. St. §§ 8630-8639], as amended in 1915 [U. S. Comp. St. §§ 8639a-8639d], so as to "apply to and include the entire locomotive and tender and all parts and appurtenances thereof," and which makes it unlawful to use any locomotive engine propelled by steam power in moving interstate traffic, unless the boiler and appurtenances thereof are in proper condition and safe to operate, and providing for inspection from time to time, creates a liability on the facts of this case. We think this act must be construed, as was the Safety Appliance Act, so as not to include cases where some foreign substance has found a temporary lodgment upon the appliances of the locomotive or tender, and which is not the result of the ordinary use of such instrumentalities, but came there accidentally from some unforeseen cause.

Decedent was engaged in interstate traffic when injured, and the Federal Employer's Liability Act applies, so that, if a prima facie case of negligence of defendant or its servants appeared from the evidence, it was error to direct a verdict against plaintiff. On this record we may assume that Reeves had authority to direct the movements of No. 254. Having such authority, it must be conceded that, if he found it necessary to communicate with the engineer of No. 254, he rightfully could board the engine for that purpose, just the same as boarding the engine used by his own switching crew. If, in the performance of his duties for defendant, it became expedient, under the arrangement existing between the two carriers, to make use of the instrumentalities of the North Western road, defendant would be answerable to him for the negligence of that road and its employees in respect to such instrumentalities. This is settled by the well considered cases of Floody v. Chicago, St. P. M. & O. Ry. Co. 109 Minn. 228, 123 N. W. 815, 134 Am. St. 771, 18 Ann. Cas. 274, and Campbell v. Canadian N. Ry. Co. 124 Minn. 245, 144 N. W. 772.

Plaintiff invokes the rule of res ipsa loquitur to make a prima facie case of negligence, claiming that the presence of a chunk of coal upon the step indicates that the servant or hostler who put the locomotive for No. 254 in order for this trip failed in his duty. We have been cited to no

case in point. In Castle v. Union Pacific R. Co. 139 Minn. 396, 166 N. W. 767, an employee of an interstate carrier was killed in the attempt to step up on the foot board of a tender, because the board was covered with small pieces of coal upon which he slipped. But the evidence there made it appear that the coal on the foot board came from overloading the coal bunker of the tender, the particles rolling down the slant of the latter and onto the foot board. The testimony also disclosed it to be the hostler's duty to fill the bunker properly and remove any particles of coal from the foot board that might have lodged there during the coaling, hence the jury were warranted, from the facts proven, to find that the hostler had negligently filled the bunker overfull or had failed to clean the foot board, even though his testimony was to the contrary. In the case at bar there is no evidence at all indicating how, either in coaling or firing, it would be possible for coal to find lodgment on this step. Nor is there any evidence showing that in either operation it is at all likely that pieces of coal may reach the steps in question, hence no basis upon which to predicate negligence for failure to inspect. We therefore think the rule res ipsa loquitur inapplicable. The presence of the coal on the step does not indicate that either the hostler or fireman, or any other servant of the companies is to blame.

But what is of even more importance, the Supreme Court of the United States, by whose decision we are bound, has held that the rule invoked does not obtain where an accident occurs to an employee in the course of his duties and he seeks to charge the employer with common-law negligence. Patton v. Texas & Pac. Ry. Co. 179 U. S. 658, 21 Sup. Ct. 275, 45 L. ed. 361. We do not understand that any other negligence is involved in the Federal Employer's Liability Act, except as to the specific statutory enactments therein mentioned. And as to the latter, as for instance the Safety Appliance Act, it has been held that the rule of res ipsa may apply. Minneapolis & S. Louis R. Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. ed. 995.

We think the learned trial court ruled correctly on the propositions discussed, and, those being determinative of the appeal, other errors assigned need not be considered.

The order is affirmed.