## BURTON CLARK, ALSO KNOWN AS BURTON HOHMAN, BY ANNA HOHMAN, HIS GUARDIAN AD LITEM v. MARTIN GOCHE.[1]

April 1, 1921.

No. 22,156.

**Assumption of risk by minor.**

1. A minor in the employ of another assumes the risks incident to his employment of all such apparent dangers as he is capable of comprehending and avoiding.

**Liability for placing minor at dangerous employment.**

2. The duty of an employer in engaging and placing a minor at a dangerous employment is largely measured by the capacity of the minor to comprehend and avoid the dangers of such employment.

**Capacity of minor.**

3. The question of the assumption of risks and of contributory negligence hinges upon the question of the capacity of the minor for the particular work in which he was engaged.

**Same.**

4. In determining the capacity of a minor to perform the work and avoid the dangers of a particular employment, the character of the work, the circumstances under which it is to be performed and the previous experience of the minor should be considered.

**Questions for jury.**

5. The questions of contributory negligence and of assumption of risk in this case, were, under the evidence, for the jury to determine.

**Verdict sustained by evidence.**

6. The evidence justifies the submission to the jury of the question of defendant's negligence, and supports the amount of the verdict.

Action in the district court for Redwood county to recover $25,000 for injuries while the minor plaintiff was in defendant's employ. The case was tried before Olsen, J., and a jury which returned a verdict for $4,500.

[1]Reported in 182 N. W. 436.

From an order denying his motion for a new trial, defendant appealed. Affirmed.

*A. R. A. Laudon* and *James H. Hall,* for appellant.

*Albert H. Enersen* and *Moonan* N *Moonan,* for respondent.

QUINN, J.

Action by a minor through his guardian ad litem to recover for injuries to his person, alleged to have been caused by the negligence of defendant. Plaintiff recovered a verdict for $4,500. From an order denying his motion for a new trial defendant appeals.

It appears that at the time of his injury plaintiff was less than 14 years of age. His father was not living. His mother had remarried and he was living on a farm with his grandmother and uncle. In August, 1919, plaintiff entered the employ of defendant as a farm hand. On the twenty-first day of that month the defendant instructed the plaintiff to take a team and mowing machine and mow a certain piece of hay land, which the plaintiff undertook as directed. It is contended on behalf of plaintiff, and there is testimony tending to show, that a portion of this meadow had been, at some previous time, cultivated and allowed to go back; that a portion thereof had been in corn, then seeded, the cornstalks remaining thereon; that other portions were wet, covered with bogs, and so rough that it was with difficulty that the driver could sit on the seat, drive the team, and at the same time operate the cutting bar over the rough places; that the mowing machine had been in use upon the farm for a number of years; that it was not in the same condition as when new in this, that the lift had been changed so that the pedal was removed farther from the seat than it should have been, thereby requiring more power to raise and operate the cutting bar over hummocks. There is testimony to the effect that it required a pressure of 58 pounds upon the foot pedal to properly raise the cutting bar; that the boy weighed 65 pounds; that it required nearly his entire weight to operate the foot lift; that it was necessary for him to sit forward on the edge of the seat in order to place his foot on the pedal so as to lift the bar quickly as occasion might require; that one of the horses was much faster than the other and would bite and snap at the other in turning the corners, and they were hard to manage; that when he had mowed several rounds the mower struck a

hummock and threw the boy in such a way that he fell onto the cutting bar, his arm coming into contact with the sickle and being severed above the elbow. There were sharp conflicts in the testimony as to many of the foregoing facts, but the issues were fully submitted to and passed upon by the jury, and the facts found, as appears by the verdict, in favor of the contentions of plaintiff.

As stated in appellant's brief, there were several claims of negligence set forth in the complaint, all of which were eliminated at the trial except three, viz.: (1) That defendant was negligent in directing plaintiff to run and operate a mower upon a piece of ground that was rough and unsafe; (2) that the mower furnished plaintiff by defendant was a defective machine and for that reason unsafe; (3) that the defendant failed to properly warn the plaintiff of the dangers incident to the undertaking. These three grounds of negligence were submitted to the jury. The defendant contends that there is no evidence in the record to substantiate any of such charges of negligence. With this contention we are unable to agree.

The ground of the action is negligence. The burden is upon the plaintiff to prove that the negligence of the defendant was the proximate cause of his injury. The principal question is, whether the evidence is sufficient to support the verdict. The evidence shows that the plaintiff was under 14 years of age at the time of the injury. The duty of an employer in engaging and placing a minor at a dangerous employment is largely measured by the capacity of the minor to comprehend and avoid the dangers of such employment. The questions of the assumption of risks and of contributory negligence hinge upon the question of the capacity of the minor for the particular work in which he was engaged. The rule in relation to assumption of risks by minor employees is that a minor who enters the employ of another assumes the risks of all such apparent dangers as he is capable of comprehending and avoiding. Thompson, Neg. § 4689; Goff's Admr. v. Norfolk & W. R. Co. 36 Fed. 299; 20 Am. & Eng. Enc. (2d ed.) p. 99; Williams v. Belmont Coal & Coke Co. 55 W. Va. 84, 46 S. E. 802. In determining the capacity of a minor to perform the work and avoid the danger of a particular employment, the character of the work, the circumstances under which it is to be performed, and the previous experience of the minor, should be considered. The questions of

contributory negligence and assumption of risk were, under the testimony, for the jury to determine. Jacobson v. Merrill & Ring Mill Co. 107 Minn. 74, 119 N. W. 510, 22 L.R.A.(N.S.) 309.

The evidence tends to show that the plaintiff had never operated this mowing machine before, and that he was unacquainted with the field; that the foot lift on the machine had been so altered and changed that it did not work properly; that, by reason of certain alterations made thereon, it required more power to manipulate and raise the cutting bar over hummocks; that as a result thereof it was necessary for the plaintiff, in order to be in a position to operate the bar quickly with his foot, to sit forward on the edge of the seat, where he might be more easily thrown off by a sudden jerk; that the horses did not drive well; that the hay field was rough with bogs and ridges, and in places wet, with cornstalks thereon, so that the machine required much manipulating in order to proceed properly with the work. All these were matters pertinent to the issues. It appears from the defendant's own testimony, that the only warning given the boy with reference to operating the machine was that he told him: "If anything got into the sickle to be careful. It didn't take much to cut a fellow's finger."

The verdict, in our opinion, is amply sustained by the proofs, and is not so large as to warrant this court in disturbing it. We find no error in the rulings upon the admissibility of evidence.

Affirmed.