### ROSY KASAL v. JOHN J. PICHA.[1]

October 12, 1923.

No. 23,528.

**Judgment notwithstanding verdict ordered.**

1. Evidence examined and *held* to show probable cause for a civil suit for damages. Consequently it was error not to grant appellant's motion for judgment notwithstanding the verdict.

**Question for court whether sufficient proof of cause of action to take case to jury.**

2. It is a question of law whether at the close of the evidence there is sufficient proof of plaintiff's cause of action to take the case to the jury.

**Nothing for jury when uncontradicted evidence is not improbable or put in doubt.**

3. When the evidence concerning a given issue is uncontradicted, there is nothing for the jury unless such evidence in itself is improbable or inconclusive or put in doubt by other circumstances in evidence. The circumstances justifying such a conclusion must appear from the evidence and must be such that reasonable minds upon fair consideration may arrive at different conclusions.

[1]Reported in 195 N. W. 280.

Action in the district court for Le Sueur county to recover $6,200 for malicious prosecution and assault. The case was tried before Tifft, J., and a jury which returned a verdict for $150 on the first cause of action. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*E. W. Komarek* and *Charles C. Kolars*, for appellant.

*Arthur J. Phil. Jelinek*, for respondent.

STONE, J.

Appeal by defendant from an order denying a motion for judgment notwithstanding the verdict or for a new trial, after verdict for plaintiff in an action for damages for the alleged malicious prosecution of a civil action. The suit complained of was to recover damages from defendant therein (plaintiff and respondent here), because, as the appellant charged, she had been guilty of maliciously sowing thistles in his field. That action was dismissed at the close of plaintiff's evidence. Thereupon, this action was commenced, resulting as already indicated.

There are certain assignments of error concerning rulings upon evidence which, in view of our disposition of the case, need not be considered.

The following appears from uncontradicted evidence: Upon appellant's return home one afternoon, he was informed by his son that the latter had seen respondent walking along the road adjoining appellant's field; that she had left the road; had gone some distance into the field, and there had swung her arms as though "sowing something." As soon as his team was stabled, appellant in company with his son investigated and found foot prints leading from the road into the field (there was snow on the ground), and hulls and seed of thistles scattered where the boy claimed to have seen respondent swinging her arms. Immediately appellant telephoned one Tuma, a son-in-law of respondent, telling him what he had been informed had taken place.

Respondent, in the former action as in this one, denies the charge. We accept her denial as true. But the fact remains that there is no

denial of the testimony concerning what appellant was told by his son and what they observed in the field. Moreover, while appellant consulted the county attorney and was advised against bringing a criminal action, yet, after a full disclosure of all the facts, he was advised by reputable counsel to commence the civil action.

It appears, therefore, that there was justification for appellant's suing respondent. He had probable cause for the civil suit. The evidence showing such probable cause being without contradiction, entirely unimpeached by other testimony or by any circumstances in evidence, there should have been a directed verdict for appellant.

Counsel for respondent argue very earnestly that this is a case within the reason of such cases as Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827, and Lammers v. Mason, 123 Minn. 204, 143 N. W. 359, and that it was for the jury to say to what extent self-interest rendered the credibility of defendant doubtful when he testified as to the information given by his son, his consequent investigation and the disclosure made to his attorney. We cannot agree. This case is different in fact and principle from the cited precedents. In Lammers v. Mason, it was expressly recognized that there is no question for a jury unless, concerning the issue of probable cause, the evidence is conflicting or otherwise "fairly susceptible of different inferences." It was just as clearly recognized in Jensen v. Fischer that uncontradicted testimony should not be left to the jury for the possible brand of incredibility unless it is "inconclusive in its nature, as, for example, where different conclusions may be reasonably drawn from it." There the crucial testimony was considered inconclusive because there was other evidence showing contrary family practices, which cast doubt upon the denial that a son was authorized to drive the family automobile. In other words there were circumstances *in the evidence* putting in doubt testimony not expressly contradicted. Therefore, it was properly left for the jury to pass upon its credibility.

Such is not the case here. On the contrary, attentive consideration of the written and oral arguments of counsel and of the record, leads us to the conclusion that there is nothing in the testimony of appellant and his son concerning the disclosure made by the latter

to the former, and the subsequent proceedings, to suggest that it was not entitled to full credence. There is nothing to justify its rejection as untrue, or to bring it within the rule "that courts and juries are not bound to accept as true the testimony of a witness, although there is no direct contradiction, where it contains improbabilities and contradictions which, alone or in connection with other circumstances in evidence, furnish reasonable grounds for concluding that it is false." Grover v. Bach, 82 Minn. 299, 84 N. W. 909; Olsson v. Midland Ins. Co. 138 Minn. 424, 425, 165 N. W. 474. Here the attendant circumstances, so far as we have been able to gather them from the record, corroborate rather than discredit the story of what took place between father and son. Incidentally, there is proof that thistles grew the next season at the place where it is claimed they were sown, and where thistles had not grown before. The fact that they were not Canadian thistles is unimportant. Any thistle is sufficiently pestiferous for present purposes.

The fact has been overlooked in this case, perhaps, that the circumstances justifying the submission to a jury of uncontradicted testimony, that is, those circumstances which cast discredit upon it, *must appear in the evidence.* Campbell v. Canadian Northern Ry. Co. 124 Minn. 245, 144 N. W. 772. Here we feel that the question of law, which always arises on a motion for a directed verdict, as to whether the evidence should lead reasonable minds to but one conclusion, was erroneously decided by the learned trial judge.

As to the character of the question, and the necessity for its consideration as a question of law, see State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; Interstate Compress Co. v. Agnew, 276 Fed. 882; Pleasants v. Fant, 22 Wall. 116, 22 L. ed. 780. As was said in the last case [22 Wall. 120] the rule is to the effect "that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."

It may have been that there was some malice in respondent's willingness to sue originally. But "want of probable cause cannot

be inferred from proof of malice alone." And when damages are sought for the alleged malicious prosecution of a civil action, there being no interference with person or property, the absence of probable cause must be "very palpable," proven very clearly. Eickhoff v. Fidelity & C. Co. of N. Y. 74 Minn. 139, 76 N. W. 1030; Virtue v. Creamery Pack. Mnfg. Co. 123 Minn. 17, 142 N. W. 930, 1136, L. R. A. 1915B, 1179, 1195. And whether the undisputed facts are sufficient to constitute probable cause is wholly a question of law. In consequence we must determine it for ourselves as if the case had been heard here. Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093, and cases cited.

Because we find in the record no proof of want of probable cause, palpable or otherwise, we hold that it was error for the learned trial court to deny the motions for a directed verdict and for judgment notwithstanding. Therefore the order appealed from is reversed and the case remanded for judgment for appellant notwithstanding the verdict.