MARVIN M. JENKINS AND ANOTHER v.
HERBERT JENKINS.[1]

June 15, 1945.

Nos. 34,030, 34,031.

[1]Reported in 19 N. W. (2d) 389.

*Morse & Frundt,* for appellant.
*Putnam & Carlson* and *V. V. Lindgren,* for respondents.

YOUNGDAHL, JUSTICE.

Two actions are involved in this appeal, one by Marvin M. Jenkins, hereinafter referred to as plaintiff, to recover damages for

personal injuries suffered by him as a result of the claimed negligence of defendant while Marvin was in his employ as farm hand; and a companion action by plaintiff's father, W. M. Jenkins, to recover damages for medical and hospital bills incurred on account of the injuries sustained by Marvin, who was 16 years of age at the time of the accident. Verdicts were returned for both plaintiffs, and from orders denying his motion for judgment or a new trial, defendant appeals.

The pertinent facts most favorable to plaintiff are as follows: Plaintiff, a nephew of defendant, resided at Rochester with his parents. In June 1938, he commenced work on his uncle's farm northeast of Blue Earth, helping generally with the farm chores. His previous experience with farm work was limited to a two-month period during which he had worked for defendant in the summer of 1937. Pea cutting began on defendant's farm near the end of June, and plaintiff helped daily to haul the cut pea vines in a hayrack to the vinery until July 5, when he was injured. On that morning, he was told by defendant to take a pitchfork and go out into the field and "help Howard," defendant's son, who was at the time mowing peas with a mower pulled by a tractor. The evidence is in conflict as to whether plaintiff was told by defendant to "help Howard" or to pitch peas onto the rack. This was a question of fact for the jury to determine. Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840. The court submitted this fact question to the jury, and implicit in its verdict is the finding that plaintiff was in fact told to help Howard, and such we regard to be the fact for the purposes of this decision. Plaintiff was not told by defendant what he was to do in helping Howard. However, defendant knew that Howard was operating the mowing machine, as it was being operated by him at defendant's direction. The record is not as clear as it should be in describing this machine, nor have we been furnished with a photograph or diagram. We had the benefit of only a rough sketch drawn on a blackboard during the oral argument. From the record and the oral arguments, however, we believe that the machine may with reasonable accuracy be

described as follows: The frame of the mower is composed of three angle irons approximately two inches wide with crossbars connecting them. The machine was not built for anyone to ride on, there being no seat on the mower frame, which is about six feet in length from front to back and about four feet in width, coming to a point in the rear. Under the rear point is a caster wheel, which has a ten-inch rubber tire on it supporting the rear end of the frame. Extending up from the frame on the right-hand side is a lever. The sickle bar of the mower is about seven feet long and extends from the right side of the mower frame. Attached to and following the sickle bar is what is described as a windrower, consisting of curved hooks or tines made of thin bars of steel similar to the tines of a hay rake. The hooks or prongs nearest the frame of the mower are longer than those at the far end of the sickle bar. The purpose of the windrower is to roll the pea vines toward the mower frame and leave them in windrows. In the operation of cutting pea vines, they sometimes become clogged in the windrower, and it becomes necessary to clear them from the windrower with a pitchfork in order to keep the machine functioning properly. The machine in question is connected to a tractor, and a power takeoff on the tractor operates the sickle bar. The tractor is equipped with a seat for the driver. The sickle bar extending to the right from the mower is about a foot behind the back wheel of the tractor.

When plaintiff arrived at the field, Howard was operating the tractor and the mowing machine. He told plaintiff to follow the mower and unhook the clogging pea vines from the windrower. It proved to be difficult for plaintiff to keep up with the machine, as Howard was driving at a speed of about five miles per hour, so Howard told him to stand on the mower and ride. Plaintiff stood on the angle iron on the right side of the mower, held on with his left hand to the lever extending upward from the mower, and, with the fork in his right hand, unhooked the pea vines from the windrower. On the third trip around the field in this manner, the mower struck a washout or depression in the ground, and plaintiff was thrown forward onto the sickle bar, which cut his legs.

The washout was approximately 15 or 16 inches wide and 12 inches deep and extended 12 or 15 feet back into the field. The accident happened at the washout and was caused by the back end of the windrower bobbing up when it hit the washout. Defendant knew of the dead furrow across the field but he was not in the field during any of the time plaintiff was helping Howard and did not see them working. Defendant and the hired man working for him testified that they had at times walked behind the windrower and with a fork kept the pea vines from clogging, but neither had ever seen anyone stand upon the mower to perform such a task, though defendant had seen others riding by means of putting pea vines on the mower frame and sitting on them.

Plaintiff's complaint is based upon the negligence of defendant in failing to provide him a safe place to work and in failing to warn and instruct plaintiff as to the risks and dangers incident to his work. The case was tried and submitted to the jury upon the theory of defendant's negligence in the violation of nondelegable or absolute duties of the master. On this phase of the case, the court instructed the jury as follows:

"An employer is bound to exercise ordinary or reasonable care to furnish a safe place within which the employee is to work, and to furnish safe appliances and machinery with which the employee is to work, but he is not an insurer in this regard. It is the duty of the employer to exercise reasonable care to warn his employee of latent defects and dangers of which he has knowledge or of which he ought to have knowledge, in the exercise of ordinary or reasonable care, and of which the employee has no knowledge."

Defendant requested the court to submit the fellow-servant doctrine to the jury, which the court refused. Defendant contends that it appears as a matter of law that plaintiff's injuries were sustained as a result of the negligence of Howard, a fellow servant, or that, in any event, a jury issue was presented as to whether the injuries were caused by the negligence of a fellow servant. Defendant further contends that the court erred in submitting to the

jury the questions of assumption of risk and contributory negligence.

■ Defendant contends that it appears from the evidence that plaintiff sustained his injuries as a result of the negligence of a fellow servant, Howard, in the operation of the tractor. We need not here consider the applicability of the fellow-servant doctrine in relation to the negligence of Howard in driving too fast, because of the conclusion reached that defendant is liable on account of his failure to fulfill an absolute, nondelegable duty to warn and instruct plaintiff. For the purposes of this discussion only, it may be conceded that a trier of fact would be justified in finding that Howard was negligent as a fellow servant in operating the tractor, but that does not relieve defendant of liability; for, if he was negligent in failing to instruct and warn plaintiff of the dangers and risks involved in his employment and such negligence proximately concurred in causing plaintiff's injuries, defendant would be liable in damages. Gillespie v. G. N. Ry. Co. 124 Minn. 1, 144 N. W. 466; Novak v. G. N. Ry. Co. 124 Minn. 141, 144 N. W. 751; 4 Dunnell, Dig. § 5952.

■ We think the jury was clearly justified from the evidence in finding that defendant was guilty of negligence in failing to warn and instruct plaintiff of the dangers incident to his work and that such negligence proximately concurred in causing plaintiff's injuries. A master is required to exercise reasonable care for the safety of his servants. Symons v. G. N. Ry. Co. 208 Minn. 240, 293 N. W. 303; Crawford (substituted for Gonyea, dec.) v. D. M. & I. R. Ry. Co. 220 Minn. 225, 19 N. W. (2d) 384. It is a well-established principle of master-and-servant law in this state that a duty rests upon the master to warn and instruct immature and inexperienced servants of dangers incident to their work which are not obvious to them. Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840; Clark v. Goche, 148 Minn. 360, 182 N. W. 436; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Graseth v. N. W. Knitting Co. 128 Minn. 245, 150 N. W. 804; Foley v. Bennett, 219 Minn. 249, 17 N. W. (2d) 509; 4 Dunnell, Dig. § 5868.

Under the facts herein, that duty was the absolute and nondelegable duty of defendant, and the fellow-servant rule has no application. Gillespie v. G. N. Ry. Co. 124 Minn. 1, 144 N. W. 466, *supra;* Nordberg v. Hall, 116 Minn. 71, 133 N. W. 168; Anderson v. Pittsburgh Coal Co. 108 Minn. 455, 122 N. W. 794; Fitzgerald v. International Flax Twine Co. 104 Minn. 138, 116 N. W. 475; Hjelm v. Western Granite Contracting Co. 94 Minn. 169, 102 N. W. 384; 4 Dunnell, Dig. § 5868. The lower court, therefore, properly refused to give consideration to the fellow-servant rule under the facts in this case.

It is conceded in the instant case that defendant did not warn or instruct plaintiff, nor were instructions or a warning given by anyone. The jury was justified in finding that when defendant told plaintiff to "help Howard" defendant knew that the work plaintiff would perform was to keep the pea vines from clogging the windrower, as Howard was ordered by defendant to operate the tractor, and the only work left for plaintiff to do under defendant's orders was to assist in preventing the clogging of the vines. Defendant also knew, or should have known, that in the performance of that work, plaintiff would either have to walk behind the machine or ride on it as some employes had previously done. Moreover, defendant knew, or should have known, that if the machine was operated at a certain speed it would be difficult for plaintiff to keep up with it and that it would be necessary for him to ride on the machine if the work of preventing the clogging was to be done effectively. Plaintiff was a city-reared boy, whose only experience with a farm had been that acquired during the preceding summer when he worked for defendant a short time. His work on the farm had not involved handling machinery of the type which injured him. Because of the washout in the field over which the mower was being operated, it was dangerous work for plaintiff, whether standing up or sitting down on the mower. The jury could well find that for a person as immature and inexperienced as plaintiff the mowing machine constituted a dangerous instrumentality. Foley v. Bennett, 219 Minn. 249, 17 N. W. (2d) 509, *supra.* The jury could also reasonably find that defendant knew

that this machinery was dangerous and should have foreseen the risks involved to plaintiff, while, on the other hand, plaintiff was unaware of those hazards. In view of the fact that defendant knew of the dangerous character of the machine and also knew that there was a dead furrow in the field which increased the danger of operating the machine, and that as a result he should have anticipated the dangers and risks to this young, inexperienced workman, it was well within the province of the jury to say that defendant was negligent in failing to warn and instruct plaintiff of the risks and dangers involved in this work, and that such negligence was the proximate cause in producing the injuries to plaintiff. If, as is implicit in the verdict in this case, a master, with knowledge of the dangerous character of an act he desires to have done, commands a young and inexperienced servant who is unaware of the dangers and risks involved to perform it without apprising him of the dangers or giving adequate instructions as to how to do it with safety, the master is guilty of actionable negligence. Schaefer v. Marshall Milling Co. 133 Minn. 73, 157 N. W. 993; Small v. Brainerd Lbr. Co. 95 Minn. 95, 103 N. W. 726.

■ Defendant further claims error in the submission to the jury of the issues of assumption of risk and contributory negligence. As has been indicated, plaintiff was a boy 16 years of age, inexperienced as a farm hand and in the handling of farm machinery. He knew nothing about the mowing machine in question or the dangers involved in working with it. He had received no instructions or warning from anyone. He had never seen anyone sitting on the windrower and had never helped work with it before the day of the accident. The windrower was not equipped with a seat. It was difficult for plaintiff to keep up with the work of preventing the clogging of the pea vines by following along on foot, and he was told by the older and more experienced employe to get onto the windrower. He was not aware of the danger of standing on the machine, and did not know of the washout condition in the field and the added danger therefrom. Under those circumstances, the issues of assumption of risk and contributory negligence were ques-

tions of fact for the jury. Symons v. G. N. Ry. Co. 208 Minn. 240, 293 N. W. 303, *supra;* Foley v. Bennett, 219 Minn. 249, 17 N. W. (2d) 509, *supra;* Graseth v. N. W. Knitting Co. 128 Minn. 245, 150 N. W. 804, *supra;* Clark v. Goche, 148 Minn. 360, 182 N. W. 436, *supra;* Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45, *supra;* Bertram v. Bemidji Brg. Co. 123 Minn. 76, 142 N. W. 1045; Lutzer v. St. Paul Table Co. 121 Minn. 254, 141 N. W. 115.

■ Defendant complains of the court's failure to give certain requested instructions. One of these instructions is argumentative and contains, among other things, the fellow-servant rule, which we have held is inapplicable. Therefore the request was properly denied. There is complaint as to other instructions conceded to be correct, but it is insisted that the court did not go far enough in applying the rules to the facts in the case. Although exceptions were taken to the failure to give the requested instructions, the court was not specifically apprised before the jury retired of any errors or inaccuracies in the charge, or of the claim that it was incomplete. Because of this fact, defendant is in no position to raise these objections. Merritt v. Stuve, 215 Minn. 44, 9 N. W. (2d) 329; Greene v. Mathiowetz, 212 Minn. 171, 3 N. W. (2d) 97; Hubred v. Wagner, 217 Minn. 129, 14 N. W. (2d) 115; Donea v. Massachusetts Mut. L. Ins. Co. 220 Minn. 204, 19 N. W. (2d) 377.

Affirmed.